SAMUEL F. PEIRCE *vs.* COHASSET MUTUAL FIRE INSURANCE
COMPANY.

Suffolk.   Nov. 13, 1877. — Jan. 31, 1878.   COLT & AMES, JJ., absent.

A policy of insurance described the building insured as a "frame dwelling-house,"
and provided that the policy should be void if the assured should appropriate the
building to other uses than those mentioned in the policy. In an action on the
policy, the answer alleged that the plaintiff used and occupied the building at the
time he procured the policy and afterward as a boarding-house and hotel. *Held,*
that evidence of such change in occupation subsequent to the date of the policy
was not admissible under the answer.

CONTRACT upon a policy of insurance against fire, issued by
the defendant to the plaintiff "on his frame dwelling-house."
The policy contained the following clause : "When the assured
shall alter or enlarge a building, or appropriate it to other pur-
poses than those mentioned in the policy, so as to increase the
risk, without first obtaining the consent of the directors, and
paying such premium as they may require, the said policy shall
thereupon be void." The pleadings appear in the opinion.

At the trial in the Superior Court, before *Gardner,* J., the
plaintiff put in evidence the policy of insurance. The defend-
ant, conceding the facts necessary to make a *primâ facie* case,
offered to show in defence that the building described in the pol-
icy as a "dwelling-house" was, after the date of the policy, occu-
pied as a hotel without the defendant's consent ; that the terms
"dwelling-house" and "hotel" are well known terms of in-
surance, and that the risks and premiums on the latter are far
greater than on the former. The plaintiff contended that this
evidence was not admissible under the answer. The judge so
ruled, directed a verdict for the plaintiff, and reported the case
for the determination of this court.

If the ruling was correct, judgment was to be entered on the
verdict; otherwise, a new trial was to be ordered.

*H. D. Hyde,* for the defendant.

*A. A. Ranney,* for the plaintiff.

ENDICOTT, J.   The policy insures the frame dwelling-house
of the plaintiff, and contains no other description of the build-
ing. The declaration states that it was totally destroyed by fire
while the policy was in force, and that the plaintiff is entitled to
recover the sum named in the policy.

The answer is not clear and precise in its terms, but it in substance alleges that the plaintiff agreed and warranted in the policy, that the building was and should be occupied as a dwelling-house, and for no other purpose, and that, disregarding the agreements and warranties of the policy, the plaintiff used and occupied the building, at the time he procured the policy and afterward, as a boarding-house and hotel, and the policy was thereby rendered void. No change in the occupation is alleged. The policy contains no express warranty or agreement in relation to the occupation of the building when the policy issued, and whether the defendant has a defence on this ground it is unnecessary to consider, as no evidence was offered in support of it.

The evidence offered was that the building, after the date of the policy, was occupied as a hotel without the consent of the defendant.

The only ground upon which the defendant contends that that evidence was competent, is under the fourth condition of the policy, which provides that " when the insured shall alter or enlarge a building, or appropriate it to other uses than those mentioned in the policy, so as to increase the risk, without first obtaining the consent of the directors, and paying such premium as they may require, the policy shall be void." But evidence of a change in occupation subsequent to the policy is a different defence from that set up in the answer, and, if relied on, should have been pleaded. See *Hawes* v. *Ryder*, 100 Mass. 216. The answer gave no notice that a change in occupation under the fourth condition of the policy would be set up; on the contrary, it implies there had been no change, when it alleges that the occupation at the time the policy issued and after was of such a character as to render the policy void. The evidence was properly excluded.

It is therefore unnecessary to consider the other questions argued at the bar.     *Judgment on the verdict.*