## ADELAIDE COBURN *vs.* TRAVELERS' INSURANCE COMPANY.

Hampden. Sept. 28. — Oct. 24, 1887. C. ALLEN & HOLMES, JJ., absent.

In an action upon a policy of insurance against bodily injuries "effected through external, violent, and accidental means," and against loss of life resulting from such injuries within ninety days, and containing a condition that immediate written notice shall be given to the company of any accident and injury for which claim is made, and that, unless affirmative proof of death or duration of disability is so furnished within seven months from the time of such accident, all claims based thereon shall be forfeited, the declaration set forth a contract made by the policy; and alleged the death of the assured from bodily injury "effected through external, violent, and accidental means," which injury occasioned his death within ninety days thereafter, and that due proof of such death and injuries was given to the company. The answer contained a general

denial, and alleged that, if the death of the assured should be proved to have occurred within the term of the policy, " he did not die in consequence of external, violent, and accidental means." *Held*, that the defence that the immediate written notice of the injuries required by the policy had not been given was not open under the answer.

In an action upon a policy of insurance against bodily injuries "effected through external, violent, and accidental means," and against loss of life resulting from such injuries within ninety days, and containing a condition reciting that " this insurance does not cover disappearances," and enumerating a large number of injuries and death from a variety of causes as not covered by it, including "intentional injuries inflicted by the insured or any other person," the declaration set forth a contract made by the policy ; and alleged the death of the assured from bodily injury "effected through external, violent, and accidental means," which injury occasioned his death within ninety days thereafter. The answer denied every material allegation of the declaration ; and alleged that, if the death of the assured should be proved to have occurred within the term of the policy, " he did not die in consequence of external, violent, and accidental means." *Held*, that the defence that the injuries sustained by the assured were intentional was not open under the answer.

DEVENS, J.   The policy upon which the plaintiff seeks to recover is known as an accident policy.   It insured F. C. Coburn in the sum of ten dollars a week against loss of time, not exceeding twenty-six weeks, " resulting from bodily injuries effected during the term of this insurance, through external, violent, and accidental means," which should wholly disable him from transacting the business of his occupation ; or if death should "result from such injuries within ninety days," the defendant agreed to pay to his wife Adelaide the sum of two thousand dollars.   The policy thus written had on the back of it certain "agreements and conditions under which this policy is issued and accepted." The declaration sets forth a contract made by the policy, and alleges the death of.F. C. Coburn from "bodily injury effected through external, violent, and accidental means," which injury occasioned his death within ninety days thereafter.   It further alleges that due proof of such death and injuries was given to said company.   The answer of the defendant denies "each and every material allegation in the plaintiff's declaration," and alleges that, if the death of the assured shall be proved to have occurred within the term of the policy, " he did not die in consequence of external, violent, or accidental means."

The second of the " agreements and conditions " is as follows : " Immediate written notice is to be given said company at Hartford of any accident and injury for which claim is made, with

full particulars thereof, and full name and address of the insured. Unless affirmative proof of death or duration of disability is so furnished within seven months from the time of such accident, all claims based thereon shall be forfeited to the company." These agreements and conditions concluded with a "notice" that, in case of the death or disabling injury of the assured, notice of the fact, giving full particulars, &c., "should be given immediately to Homer G. Gilmore, Agent, 425 Main St., Springfield, Mass."

That the full proofs were given to the company within seven months after the injury is conceded; but the defendant contends that the immediate written notice required by the clause of the conditions above quoted was not given. The first question presented is whether this defence is open under the answer. Immediate notice was not a fact which the plaintiff was compelled to allege or prove in order to maintain her case; the failure to give it was a matter which, if available as a defence, was so in defeat or avoidance of the plaintiff's claim. When a defendant intends to rest his defence upon a fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out in precise terms in the answer. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Orrell* v. *Hampden Ins. Co.* 13 Gray, 431. *Peirce* v. *Cohasset Ins. Co.* 123 Mass. 572.

The presiding judge, by ruling that the question whether the notice required in paragraph 2 of the "agreements and conditions" had been given, or, if not given, whether the same had been waived, was for the determination of the jury, and, by directing a verdict for the defendant, in substance ruled, against the contention of the plaintiff, that this defence was open, and further that there was no evidence offered by the plaintiff sufficient to go to the jury that immediate notice had been given. The effect of this ruling was to place upon the plaintiff the burden of negativing by proof that which was matter in avoidance of the action, and which had not been pleaded by the defendant. This was, we think, erroneous. It would not be profitable now to consider whether there was evidence that the condition as to immediate written notice had been complied with, or that this condition had been waived.

It is further to be considered whether it was correctly ruled at the trial that the defence that the injury sustained by Coburn was intentional was open under the answer, and, further, that there was no evidence upon which the jury would be warranted in finding that the same was not intentional. The third paragraph of the conditions on the back of the policy commences as follows : " This insurance does not cover disappearances," and it enumerates a large number of injuries, and death from a variety of causes, as not covered by it, including "intentional injuries inflicted by the insured or any other person." The answer, denying that the death of Coburn was occasioned " by external, violent, or accidental means," makes no averment that he died from intentional injuries, and leaves it to fair inference that the defence relied on was that the death of Coburn resulted from natural causes. If the defence of intentional injury is now open, it is because the plaintiff in her declaration should have negatived every cause of death enumerated in the third paragraph, and have been ready to prove the same in order to establish her cause of action.

Stipulations added to a principal contract, which are intended to avoid the defendant's promise by way of defeasance or excuse, must be pleaded in defence, and must be sustained by evidence. They are in the nature of provisos. Exceptions which leave the defendant liable to perform that which remains after the part excepted is taken away are to be negatived, and it is not always easy to determine to which class a stipulation belongs. In the case at bar, the third paragraph states that the insurance does not cover certain causes of death named, but the nature and character of a stipulation is to be considered as well as the form of it; and the use of the phrase " does not cover " is by no means decisive of its character. *Freeman* v. *Travelers' Ins. Co.* 144 Mass. 572. In *Sohier* v. *Norwich Ins. Co* 11 Allen, 336, the clause was inserted, " This policy not to cover any loss or damage by fire which may originate in the theatre proper," and it was held that it was for the plaintiff to show a loss not originating in the theatre proper. But the clause was there written in between the statement of what was insured and the promise to pay in case of loss, in close connection with and qualification of the description of the subject matter of the insurance.

Certain provisos were also set forth in a different part of the instrument, and the clause was on that account also deemed a direct limitation of the risk against which insurance was effected.

In the case at bar the policy itself is general, and insures against death or injury to Coburn by external, violent, and accidental means. It is made subject to certain agreements and conditions annexed thereto. The occurrence of these conditions is to operate to defeat the policy, and this should be shown by the party relying upon them. If the rule of pleading as stated in *Commonwealth* v. *Hart*, 11 Cush. 130, 134, be applied, it will be seen that intentional injury must be held to be a condition by reason of which the policy is not applicable. When operative, it has the effect of taking out of the general clause that which otherwise is included in it. The fair construction of this policy, with its agreements and conditions, is that the defendant insures Coburn against death or injury from external, violent, and accidental causes, provided that such death or injury does not proceed from those causes enumerated in paragraph 3. *Freeman* v. *Travelers' Ins. Co.*, *ubi supra*. We are therefore of opinion that the defence of intentional injury was not open to the defendant; and that it was erroneous also to place the burden of negativing this as a cause of death upon the plaintiff.

On account of the different posture, upon the evidence, which the case may hereafter assume should the defendant be permitted to amend its answer and again proceed to trial, it would not be desirable now to consider the construction of the phrase "intentional injury" within the meaning of the policy, which was somewhat discussed in the argument. *Verdict set aside.*

*J. B. Carroll*, for the plaintiff.

*E. H. Lathrop*, for the defendant.