Wilson, J.
This was an action in the court below to recover a death loss upon a casualty insurance policy. The trial resulted in a judgment for the plaintiff below. Error is now prosecuted to reverse the judgment, for that it is not sustained by the evidence, and for error in the charge and refusal to charge. These are the assignments of error upon which the plaintiff in error relies. Whether, or not, the judgment is fairly, supported by the evidence depends largely upon the application of the law to the proofs as claimed by the plaintiff in error. The claim is that the evidence proves the deceased died from an attack of vertigo, and that this is established by the admissions of witnesses for the plaintiff below, proving that the deceased complained of feeling faint just before the accident, as well as by the position of the body when found immediately after the fall which caused the injury from which death ensued. Physicians testified how *489 ever that the insured’s condition might have been due to other causes.
Admitting these contentions as to the state of the proof, they do not, under the law as applied by the court, raise the necessary inference that the fall resulted from vertigo or any disease which is excepted in the policy sued upon. In the language of the authorities . upon which the trial court relied, as is disclosed by the charge, this evidence “does not conclusively prove that the fall was caused by fits or vertigo, so as to avoid the policy under a condition avoiding the same in such event; physicians testifying that insured’s conduct might have been due to other causes.” And further, “that injuries caused by a fall due to a temporary and unexpected physical disorder are violent, external and accidental within the meaning of such words in an insurance policy.” Meyer v. Fidelity & Casualty Co., 65 N. W. R., 328; Manufacturers’ Accident Indemnity Co., 58 Fed. R., 945.
We are inclined to follow these authorities, and so doing, we do not find that the judgment is so clearly against the weight of the evidence as to justify a reversal upon that ground.
As to the burden of proof, the court in the charge gave the rule as laid down in Niblack, section 380. This rule is supported in a well reasoned case,found in 145 Mass., 226. It is the same rule established in life and fire insurance eases, as exemplified by numerous authorities. We see no reason for a different rule in accident insurance.
In the case of Moody v. Insurance Co., 52 Ohio St., 12, it is held:
‘.‘Conditions which provide that the policy shall become void or inoperative, or that the insurer be relieved wholly or partially from liability upon the happening of some event, or doing or omission to' do some act, are matters of defense, and to be available must be pleaded and their breach alleged.”
Paxton, Warrington & Boutet, for Plaintiff in Error.
F. M. Coppock, contra,
It follows that the burden is on the defense to prove the breach of the conditions by affirmative evidence. Upon this •point, therefore, we conclude that the court charged the law correctly. There was no error in the refusal to charge and ■no error in the record.
The judgment will be affirmed.