[No. 7242.]

## BAISCH V. MUELLER.

1. PLEADING—*Quantum Meruit*—One who serves another under promise of good wages may declare on the *quantum meruit*.

2. ——*What Must Be Specially Pleaded*—Action for personal services. If the defendant would show that plaintiff, being a brother of defendant's wife was received into his home, while still of tender years, under an agreement that he should be a member of the family and treated as such, and that he was so treated, and cared for and supported during the time of the supposed service, he must plead this defense specially.

*Error to Mesa District Court.*—Hon. SPRIGG SHACKLEFORD, Judge.

Messrs. SMITH & BROCK and Messrs. McMULLIN & STEINBERG, for plaintiff in error.

Messrs. FRY & WELSH, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The defendant in error, by his next friend, recovered judgment upon the second and third counts in his complaint. The substance of the second is: First, that the plaintiff was under twenty-one years of age; Second, that between certain dates (naming them) he rendered services to the defendant at his instance and request, as a ranch hand, on the defendant's ranch in Mesa county; Third, that said services were reasonably worth $490 over and above board and clothing. The third count was similar to the second, except as to dates and amounts. The defendant answering the second count denied each and every allegation contained in paragraphs two and three. Answering the third count he denied the allegations contained in paragraph two, and, in answer to paragraph three, denied that any services rendered by plaintiff were reasonably worth the sum alleged over and above board and clothing of plaintiff, or any other sum.

It will be observed that the issues as to the value of the services were upon *quantum meruit*. It is claimed there is a variance between the pleadings and the proof in this respect. We do not think so. There is evidence that the defendant agreed to pay him good wages, such as others were paying in that part of Colorado for similar services. No amount was fixed. It depended upon their value; there was evidence sufficient to sustain the amount awarded.

The defendant offered to prove, in substance, that the plaintiff (a brother of defendant's wife) at the age of thirteen came to the defendant's home under an agreement that he was to be a member of his family, to be treated the same as the others; that he continued with them as a member of the family and was thus treated, supported and cared for during the period named in his complaint. This proof was offered for the purpose of establishing the improbability of plaintiff's story, and to show that a different relation existed between the parties than as alleged by the plaintiff. An objection to this line of evidence on the ground that no such a defense was plead, was sustained. The defendant argues that under his denials he had the right to show any fact or circumstance which tended to establish that the plaintiff was never employed as a ranch hand, or that there was no direct or implied promise to pay him for the services rendered, and the showing that he was a minor, and that this family relation existed would tend to contradict the contention that he was employed as a ranch hand, and that under such a showing the law would not imply a promise to pay, other than the services rendered to him as a member of the family.

The plaintiff argues, that this evidence did not tend to disprove any material allegation in the complaint; that it would not tend to disprove that the services were rendered for and at the request of the defendant, or that they were not of the value alleged; that it might tend to prove a payment for or offset to such services, to-wit: That if the family relation existed, the defendant being a minor, in the absence of a con-

tract, the law would imply the treatment and care awarded to him by the family sufficient to justify the presumption that nothing further was to be paid. But he further urges that, as a payment or offset cannot be proven as a defense under a general denial, that the offset or payment in the way of recognition and treatment as a member of the family must be specially plead in order to introduce proof to support it. The question is a close one, and not without its difficulties. The position of both counsel as to the law is in the main correct. The serious question is their applicability to the facts. This evidence did not tend to disprove any allegation in the complaint unless it be that the plaintiff did not render the services *as* a ranch hand. If this were true was this allegation a material part of the complaint? Was it necessary for plaintiff to allege that he rendered such services *as* a ranch hand. and would an answer denying that he rendered the services as a ranch hand be a denial or a defense to any material allegation in the complaint? Further, would the proof that when he rendered them he was a member of the family and treated as such, contradict the fact that he still rendered them as a ranch hand, at the instance of the defendant, and that they were of a certain value? When considered in connection with the remainder of the complaint, we think that the words "as a ranch hand" were intended more in the way of designating the kind of services rendered than a designation of the capacity in which the party rendered them.

General section 62, Revised Code 1908, in part reads,

"The answer of the defendant shall contain:

*First*—A general or specific denial of each material allegation in the complaint intended to be controverted by the defendant.

*Second*—A statement of any new matter constituting a defense or counterclaim."

In commenting upon such code provisions, Bliss in his work on Code Pleadings, 3rd. ed., at section 330, says:

"Keeping in view the logical rule that the new facts which may be proved under a denial are those which show that the plaintiff's statements are untrue, also that facts which are consistent with their truth, but show that he has no cause of action, are new matter, to be pleaded, we can seldom be deceived as to what may and may not be thus proved."

In commenting upon such new matter constituting a defense or counterclaim, and their different classification, at section 339, the author says:

"The new matter is spoken of as constituting, first, a defense; and, second, a counter-claim. The two things are radically different, for the defense goes only to the plaintiff's cause of action (as shown in his petition or complaint), and a statement of new matter constituting a defense (a counter-claim) is but a statement of facts which do not appear in the plaintiff's pleading, and which show that, notwithstanding the facts stated by him, he suffers no wrong. A counter-claim, on the other hand, gives (is) an independent cause of action which exists in favor of the defendant against the plaintiff, and which might have been prosecuted (by an independent action) had the plaintiff not brought his suit."

In sections 340 and 341 the author continues upon the subject of the class of new matter as herein involved, where it gives color to a confession of a *prima facie* case, closing in section 341 with this language:

"The admission or confession of the fact is but a logical one, made for the purpose only of showing that, notwithstanding the statement may be true, yet, because of other facts stated, the defendant is not liable."

This is well illustrated in the case of *Staten v. Hammer*, 121 Iowa 499, wherein it is said, "such a plea concedes to plaintiff an apparent or *prima facie* right of action, and would entitle plaintiff to judgment but for the matters affirmatively alleged in the answer." We think these rules applicable here. Under the pleadings the only facts which the plaintiff is bound to prove in order to entitle him to recover are the

rendition of the services upon the farm, by him, at the instance of the defendant, and their value. The offered proof did not tend to contradict any of these facts; if anything it was consistent with their truth, but went to show that upon account of other facts, not mentioned in the complaint, nor proved, plaintiff suffered no wrong. This was new matter which should have been plead.

If the rule were, that under a specific denial, the defendant might show additional facts from which, when considered with the plaintiff's (although they did not contradict them) the law would imply that no payment was to be made, the defendant's contention might be correct. This would mean that under such a denial the defendant, without pleading them, could show additional facts which would not contradict the plaintiff's facts, but would contradict or defeat the legal presumption to be drawn therefrom by calling for a different one, when all the facts were considered together.

We do not understand this to be the rule, but that the section of the code above referred to, as well as the authorities, refer to allegations of facts and not to the legal conclusions which are to be drawn therefrom.

This court has heretofore held that a denial of indebtedness or of liability without denying the allegations of facts from which the indebtedness or liability is claimed to have arriven, is a nullity.—*James v. McPhee*, 9 Colo. 486.

In Iowa it has been held that the defense that services rendered by the plaintiff were rendered as a member of the family are new matter and must be plead to be available.—*Schroeder v. Schroeder*, 93 N. W. (Ia.) 78.

This was but a recognition of a principle theretofore announced in that state.—*Scott v. Morse*, 6 N. W. (Ia.) 68; *Scott v. Morse*, 7 N. W. (Ia.) 15.

This principle as recognized by the Iowa court is applicable here, as well as sound.

It seems to be generally recognized when a defendant intends to rest his defense upon a fact which is not included in

.the allegations; necessary to support the plaintiff's case, he must set it up in precise terms in the answer.—*Mulry v. Mohawk Valley Ins. Co.*, 5 Gray 541; *Orrell v. Hampden Ins. Co.*, 13 Gray 431; *Pierce v. Cohasset Ins. Co.*, 123 Mass. 572; *Coburn v. Travelers' Insurance Co.*, 145 Mass. 226; *Supreme Tent K. of M. v. Stensland*, 105 Ill. App. 267; affirmed in 206 Ill. 124; *Staten v. Hammer*, 121 Iowa 499.

This line of reasoning has been adopted by this court in holding that payment is an affirmative defense and must be specially plead.—*Welles v. Colorado Nat. Life Assur. Co.*, 49 Colo. 508, 113 Pac. 524, and cases therein cited.

The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE CAMPBELL, and Mr. JUSTICE GABBERT concur.

Decided October 7, A. D. 1912.   Rehearing denied December 9, A. D. 1912.