Cunningham, P. J.
Action by real estate agent to recover commission alleged to have been earned by producing a purchaser ready, able and willing to buy, to whom the defendant, appellant, refused to convey. From a judgment in favor of appellee, the action is here on appeal.
The complaint was in the usual form in cases of this character, and the answer amounted to no more than a general denial. No new matter whatever was pleaded by way of answer. The uncontrad'icted evidence is that the plaintiff produced a purchaser ready, able and willing to buy on the terms and conditions stated in the original agreement betewen plaintiff’s firm (plaintiff succeeded to the rights of his firm by an assignment of the claim here sued upon), and appellant, the owner of the land. Counsel for appellant, with commendable frankness, states in his brief that the substantial issue in the case (on trial below), was whether or not the listing of the farm for sale in the fall of 1908 was that upon which he did act in March, 1909, when Melvin *568 was produced as an alleged purchaser; and with equal frankness counsel states the real issues or contentions presented for our consideration on this appeal, in the following language: “Had this question, the one just stated, been properly submitted to the jury by fair and impartial and appropriate instructions by the trial court, we feel this appellant would not have the case before this court for review. * * * While many errors have been assigned, we deem it necessary only to consider the instructions requested by defendant and the instructions given by the court.” From the instructions tendered by appellant, and from the argument made here on brief, it appears that his sole defense is that the authority given by Mauser in the fall of 1908 for the sale of the farm had been revoked before plaintiff produced a customer ready, able and willing to buy. As we read the record, there are two objections fatal to this contention :
[1] Defendant did not plead revocation in his answer, or any modification whatever of the original contract, but contented himself with denying that such a contract was entered into, or, if entered into, that it was carried out by plaintiff. Under a general denial the defendant had no right to prove-revocation. In 1 Enc: PI. & Pr., p. 849, it is stated that “release must be specially pdeaded,” and at page 851 it is said: “In an action by a contractor to recover the contract price, the defense that the contractor did his work in an unworkmanlike manner is new matter to be pleaded.” While these are not exactly parallel situations, by analogy they afford authority for the conclusion that we have reached. In Alden Investment Co. v. Carpenter, 7 Colo., 92, 1 Pac., 907, our Supreme Court announces that “a failure of consideration, which must always occur subsequent to the making of the contract, and which if pleaded as a defense, may well be regarded as new matter in avoidance of the original cause of action.” A revocation, of course, like a failure of consideration, can only occur subsequent to the making *569 of the contract. See, also, San Juan County v. Tulley, 17 Colo. App. 113, 67 Pac. 346; Baisch v. Mueller, 53 Colo. 474, 128 Pac. 466; Pomeroy’s Code Remedies (4th Ed.), secs. 583-586.
[2] There is no evidence in the record of a revocation. On the contrary, the defendant’s own testimony indicates quite the opposite. On cross-examination he was asked the following questions, to which he made the answers here given: “Q. Is it not a fact that, after concluding that you had your place listed too low, that you tried to do everything in your power to back out of the deal that Hurdle had arranged for you? A. No, sir; it is not. Q. You knew yo.u had listed it too low? A. No, sir, I did not. I had a chance to take it off if I thought it was too loiu. I could take it off if the price did not suit me.” This is tantamount to an admission by defendant that his farm, at the time of the negotiations, was still listed with plaintiff, and at the price first fixed by him. Four witnesses on behalf of plaintiff testified that, when plaintiff drove to the farm with the prospective customer, and for the first time took up the question of the sale of the farm directly with Mauser, he (Mauser) said, in substance, “that he had thought of taking the farm off the market, but that he had not done it.” Thereupon he directed the plaintiff to show the customer over the land, and permitted them to return to town, a distance of 12 miles, and a few days later come back and stay all night with him at the farm, at which time an unconditional offer was made by the customer for the farm; the offer being the same, both as to amount and terms, as that contained in the orignial listing agreement or contract. Indeed, the defendant himself testified that Hurdle said to him at one time: “If you want it, take your $12,000 and get off; but I didn’t think he meant it.” Just prior to this statement by Hurdle it is testified that they were parleying, with a view of inducing Mauser to accept, not a less price for the land than agreed upon in the original listing, but to accept $8,000 in cash, as *570 a first payment, instead of $12,000, which was provided for by the terms of the original listing agreement. At no time did defendant testify that he stated to Hurdle, when the latter called upon him with a .customer, or thereafter, or at all, that he desired to raise the price he had put upon his farm, or wished to withdraw it from the market, nor did he pretend, while on the witness stand, that he at any time informed Hurdle that the latter’s authority had been revoked or modified in any particular. It is true that there was considerable preliminary negotiation as to the amount to be paid down, and as to when possession should be given, and other details not necessary to refer to; but the fact remains that at the end of these negotiations, and before defendant had indicated any purpose of withdrawing the land from the market or raising his price, the customer produced offered to pay him the original listing price and the amount in cash called for by that agreement. Under these circumstances, the trial court did not commit error in refusing to submit the question of revocation to the jury; indeed, it is our impression that at the close of all the testimony the trial court would have been warranted in instructing the jury to return a verdict in favor of plaintiff for the same amount in which the jury thereafter found.

Judgment affirmed.