O. G. PARSLEY & CO. v. THOMAS W. NICHOLSON and another.

The rules of pleading, at common law, have not been abrogated by the C. C. P. The essential principles still remain, and have only been modified as to technicalities and matters of form. The effect of pleading both in the old and new system is to produce proper issues of law or fact, so that justice may be administered between parties litigant with regularity and certainty.

Every material allegation of a complaint which is denied by the answer must be sustained in substance by proofs; and though a plaintiff may prove a cause of action, he cannot recover upon it unless it be alleged substantially in his complaint.

This was a civil action brought in EDGECOMBE Superior Court and tried at the Spring Term, 1870, before his Honor, *Judge Jones.*

The complaint alleged that the defendants on the 3rd of December, 1867, received from the plaintiffs nine bales of cotton, on which they, the plaintiffs, had a lien for $311, and held as their property for the payment of that amount, and that the defendants promised to ship and sell it, and out of the proceeds pay the amount of their said lien.

It alleged further that the defendants did ship and sell the cotton, and, though they received more than the amount of the plaintiffs' lien, they had refused upon request to pay it or any part of it to the plaintiffs.

The answer denied that the defendants received, at the time specified or any other time, nine bales of cotton from the plaintiffs, but alleged that about the time specified they had bought from one Collin McNair nine bales of cotton and that they were afterwards informed by an agent of the plaintiffs that they had a lien upon it for $311. The answer further denied that the defendants promised to ship and sell the cotton and pay any part of the proceeds to the plaintiffs, though it admitted that they had sold the cotton and had received therefor a sum greater than the amount of the

plaintiffs' lien, and had refused to pay it or any part of it to the plaintiffs.

On the trial, the allegations of the complaint were sworn to by one William M. Pippin, the agent of the plaintiffs in the transaction.

On the part of the defendants, Mr. Williams one of them, testified that McNair had sold them nine bales of cotton, upon which they paid him $160; that the witness, Pippin, afterwards came to their store and asked if they had not bought cotton of McNair, to which they replied that they had. He then said that he had a lien on it, that McNair had told him that he had sold the cotton to the defendants, and that he had said that he should not trouble it, but that he had been subsequently advised that it would be bad faith to his employers, O. G. Parsley & Co., to let the cotton go off; that Mr. Smith, (now dead) one of the copartners, said he would go and see McNair, and see if he could get back the advance; that he did go and came back, saying that he could not get the money from McNair, he having paid it out to the laborers, and that he shipped the cotton and after it was sold, he said he held the money subject to owner's order, less the $160 advanced. It was further testified that Pippin made a proposition to divide the funds between them, and leave the laborors to fight it out, and if they got a judgment, O. G. Parsley & Co., were able to pay it. Pippin may have threatened to take possession of the cotton, but never did after it was delivered by McNair to the defendants; that McNair had said he had sold the cotton while the plaintiffs' lien was on it, because he had sold last year, the plaintiffs then having a similar lien.

The plaintiffs' counsel asked for the following instructions: First, that if Pippin was to be believed the cotton was the property of the plaintiffs. 2d. That if the defendants received and shipped the cotton as the property of the plaintiffs, and sold it and received the money, they were liable to

the amount of the lien $311 with interest.   3d.  That in any point of view, they were liable for the surplus, after retaining $160, the cotton having sold for $435.

His Honor gave the first instruction asked, adding that both witnesses, Pippin and Williams, were before them, and it was for the jury to decide, upon a proper consideration to whose testimony they attached most weight; that if they believed the testimony of Williams, the cotton had not been delivered to Pippin by the defendants.   His Honor then gave the second, but declined to give the third instruction asked for.   The jury found a verdict for the defendants, upon which they had judgment, and the plaintiffs appealed.

*Howard* and *Battle & Sons,* for the plaintiffs.
*Moore & Gatling,* for the defendants.

DICK, J.   The complaint alleges :
1st.  That the defendants received nine bales of cotton from the agent of the plaintiffs, and promised to ship and sell the same, and out of the proceeds pay the plaintiffs the amount which they claimed by virtue of their lien.

2nd.  That the defendants sold said cotton for a sum of money more than sufficient to satisfy the claim of the plaintiffs, and refused payment on demand, &c.

The defendants in their answer deny these allegations, and the issues of fact thus joined were submitted to the jury.

The statement of the cause of action is sufficiently certain and positive, but the jury have found that it is not true in fact, and the evidence was fairly submitted by his Honor, in accordance with the 1st and 2nd instruction asked by the plaintiffs.

His Honor properly refused the 3rd instruction asked. The cause of action alleged in the complaint is an express contract, and the jury found that no such contract was made. If any contract with the plaintiffs arose by implication of
14

law from the facts disclosed by the evidence of the defendants, the complaint ought to have been amended so as to meet such state of facts by proper allegations.

The rules of pleading at common law have not been abrogated by the C. C. P.   The essential principles still remain, and have only been modified as to technicalities and matters of form.   The object of pleading, both in the old and new system, is to produce proper issues of law or fact, so that justice may be administered between parties litigant with regularity and certainty.

Every material allegation of the complaint which is controverted by the answer must be sustained in substance by proofs.

In the case before us the contract alleged in the complaint is denied in the answer, and the jury have decided the issues in favor of the defendants.

There is no error and the judgment is affirmed.

PER CURIAM.                              Judgment affirmed.