H. T. RUMBOUGH v. THE SOUTHERN IMPROVEMENT CO.

*Agency—Evidence—Instructions to Jury—Pleading, when Evidence—Counter-claim—Trial.*

1. In an action seeking to charge defendant for the acts of one who was alleged to be its agent, there was no direct testimony of the agency, but plaintiff relied upon a variety of circumstances from which the agency could be inferred: *Held*, to be error, especially when specific instructions in that respect had been asked, to submit the question of agency to the jury as an open one.

2. Defendant set up a counter-claim, to which defendant made replication admitting the facts, but pleading matter in avoidance. On the trial neither party offered evidence of the facts averred in these pleadings: *Held*, (1) that the burden was upon the plaintiff to establish the facts alleged in the replication, and upon failure to do so defendant was entitled to judgment on the counter-claim; (2) that it was error to submit an issue involving the matter pleaded in the counter-claim; (3) it was not necessary in this case that the pleadings should be formally introduced in evidence to entitle defendant to judgment on his counter-claim.

CIVIL ACTION, tried at November Term, 1890, of MADISON Superior Court, *Philips, J.,* presiding.

The plaintiff sued to recover the amount alleged to be due upon a bill of exchange drawn by one W. E. Watkins upon defendant in favor of plaintiff for $950, ninety days after date, upon which there was made, on same day, the following indorsement:

"Accepted, payable at First National Bank, N. Y.
          SOUTHERN INPROVEMENT COMPANY.
                    By W. E. WATKINS."

The defendant denied the alleged indebtedness, and the authority of Watkins to draw the bill, or to accept it ; and by way of counter-claim further alleged :

"That the plaintiff H. T. Rumbough is indebted to the defendant in the sum of three hundred and seventy-five dollars, and interest thereon from the __ day of ____, 1888, at six per centum per annum, on account of having, as pretended tax collector of the municipal corporation, as by him pretended, and by the defendant mistakingly believed, of Hot Springs in said county of Madison, on that date collected and received from the defendant that amount of money which he pretended and asserted was due and legally owing from the defendant to such corporation as taxes for that year upon defendant's property therein situate; whereas, as defendant is informed and believes, the said H. T. Rumbough was not such tax collector as he asserted and pretended himself to be, as aforesaid, and said sum was not so due from the defendant, and there was no such municipal corporation as by him claimed and alleged, and this the defendant pleads and sets up by way of counter-claim, and demands that it have and recover of the plaintiff in this action said sum of three hundred and seventy-five dollars, so

paid to him as taxes, as aforesaid, with interest thereon at the rate of six per centum per annum from said __ day of ____, 1888."

To this counter-claim the plaintiff made the following replication :

" Replying to the counter-claim set up in paragraph number 8, the plaintiff says that it is true that he did collect from the defendant, some time prior to the drawing of said draft, the sum of $375 as tax collector of Hot Springs, a municipal corporation supposed to exist, it being understood by plaintiff and defendant, and the public generally, that the said town of Hot Springs had been duly chartered by an act of the Legislature of this State at its session of 1887, and invested with the power to levy and collect taxes; that $325 of said money collected as taxes was expended on the construction of a bridge across Spring Creek on the premises of the defendant corporation, and after said construction, and prior to the drawing of said draft, the defendant consented and ratified the said expenditure on the grounds that they were greatly benefited thereby, and at the time of drawing said draft no claim thereto was presented against plaintiff; that the balance of said money was expended in the payment of services rendered by the police force of said town, which was greatly beneficial to said defendant corporation, who owned a hotel and the most of the property in said town."

The Court settled the issues after the evidence was closed as follows, the defendant excepting :

1. Was the bill of exchange, described in the complaint, drawn by W. E. Watkins and accepted by him for the Southern Improvement Company, as alleged in the complaint?

2. Was W. E. Watkins authorized and empowered to draw and accept said bill of exchange for the Southern Improvement Company ?

3. Has said bill of exchange, or any part thereof, been paid ?

4. Is the plaintiff indebted to the defendant by reason of counter-claim, and if so, in what sum?

There was much and conflicting testimony offered by the parties respectively in support and denial of the alleged agency of Watkins, the plaintiff attempting to establish the fact by various acts of Watkins, and recognition of them by defendant in and about the management of its business. There was no evidence offered by either party upon the counter-claim.

The defendant, among numerous instructions, asked the Court to charge—

"That the defendant sets up a counter-claim for three hundred and seventy-five dollars, and the plaintiff replies and admits the collection of this sum as alleged in defendant's answer, and in his reply sets up new matter in avoidance. Under *The Code* the burden of proof is on the plaintiff to show the matters set up in avoidance in his reply. He has failed to introduce any evidence thereon or show this in any way, and his failure to do so makes him liable to the defendant for three hundred and seventy-five dollars on said counter-claim, and the jury should so find in answer to the fourth issue.

4. In order to show that W. E. Watkins had an implied authority to bind the defendant in the manner in which it is sought in this action to bind it, the plaintiff must show that he had theretofore undertaken to compromise and settle controverted claims against the defendant, and the defendant had recognized and honored such compromise and settlement, and that he had theretofore undertaken to accept drafts in the name of the defendant, and the defendant had honored such acceptance.

5. In order to bind the defendant by showing acts of similar character theretofore done by W. E. Watkins in its name, and recognized and honored by it, the plaintiff must show that, at the time of the compromise and acceptance attempted

by Watkins, the plaintiff was aware of some such previous act of Watkins and recognition by the defendant, and acted upon the faith thereof.

7. Whether an agency be inferred inductively from a series of services rendered by the agent to the principal with the latter's assent, or whether we accept it from the principal's express recognition of the agent as a permanent servant, the agency is not to be stretched beyond the line which these services indicate.

8. Watkins might have been an agent of the defendant, and as such authorized to rent houses, collect rents, build roads, ask reduction of taxes, pay taxes and all bills by him made in doing such acts, and yet have had no authority to compromise an old controverted claim for furniture or articles for hotel use purchased by defendant, or to compromise a suit against defendant, or to accept a draft in the name of defendant.

9. A general authority to transact business for the principal will not alone authorize the agent to bind him as a party to negotiable paper, and a general manager even has, as such, no authority to accept a bill in the name of his principal."

His Honor declined to give these instructions, and charged the jury as follows:

1. "The burden of proof is upon the plaintiff. He must show to the jury by a preponderance of testimony that W. E. Watkins was agent of the defendant company, and was authorized and empowered to draw and accept the bill. If the jury are satisfied from the evidence, by a preponderance, that W. E. Watkins had general charge and management of the defendant's business at Hot Springs, and that he had authority, general or special, to draw and accept the bill in question in the name of the defendant, then they will answer the second issue Yes. If not so satisfied, they will say No.

2. The jury will confine their enquiry to the evidence introduced and heard by them. The pleadings in this case were not offered in evidence, and unless they were so offered they are not evidence. *Smith* v. *Nimocks*, 94 N. C., 243. There being no evidence before the jury on the counter-claim, the jury will answer the fourth issue No."

The jury found the first two issues in the affirmative; the third issue in the negative, and the fourth issue in the negative.

The Court rendered the judgment, and defendant appealed.

The defendant filed the following exceptions, among others:

9. "The Court failed to explain to the jury what agency was, and what proof would be required to show an agency for doing the acts alleged, and submitted the question of agency, for the alleged purposes, to the jury without explanation.

10. The Court did not explain and declare the law arising upon the evidence in relation to the question of authority.

11. The Court told the jury that the pleadings not having been introduced in evidence, and there being no evidence before the jury on the counter-claim, the jury will answer the fourth issue No."

*Mr. W. W. Jones*, for plaintiff.
*Messrs. F. A. Sondley* and *Theo. F. Davidson*, for defendant.

SHEPHERD, J.: In order to fix the defendant with liability, it was incumbent upon the plaintiff to establish that W. E. Watkins, who accepted the bill of exchange, was the agent of the defendant, and that the acceptance of such a paper was within the scope of his agency. There was no testimony of any express authority, and the plaintiff relied upon the various circumstances in evidence from which such authority might be inferred. Without passing upon the sufficiency of the charge, had there been no prayer for

special instructions, we are very clear that in view of those asked for by the defendant (embodying, as some of them do, correct principles of law applicable to phases of fact presented by the testimony), the Court erred in submitting the question of authority as an open one to the jury.

Apart from this, however, we are of opinion that there was error in the action of the Court in respect to the fourth issue, which was as follows: "Is the plaintiff indebted to the defendant by reason of counter claim, and if so, in what sum?" The replication admitted the facts constituting the counter-claim and set up matter in avoidance thereof. The defendant asked the Court to charge that the burden of proof was on the plaintiff to establish the matter in avoidance, and also, that as he had introduced no evidence in support of the same, the issue should be answered in the affirmative. The Court refused to so instruct, but told the jury that "the pleadings, in this case, were not offered in evidence, and unless they were so offered, they are not evidence. *Smith* v. *Nimocks*, 94 N. C., 243. There being no evidence before the jury on the counter-claim, the jury will answer the fourth issue No."

Possibly his Honor placed his ruling upon the form of the issue, which by its terms involved the truthfulness of the allegations in support of the counter-claim, whereas the issue should have put in question only the matter in avoidance. But the defendant was not responsible for this, as his Honor refused the issues offered by counsel, and himself prepared those which were submitted. To these the defendant excepted, and if there be anything in their form which precluded the defendant from insisting upon his prayers for instruction as to the burden of proof, etc., he is surely not to be prejudiced thereby. It is true that the issue offered by the defendant upon this point was not materially different from that submitted by the Court, but the exception was not

merely to the refusal to submit this issue, but " to the issues submitted."

The Court, therefore, having taken upon itself the responsibility of preparing the issues, could not deprive the defendant of any right to which he was entitled on the face of the pleadings, and in this way put in issue matter which was admitted, and then refuse to charge that the burden was upon the plaintiff to establish the matter in avoidance. The decision cited has no application in this view of the case. The principle there declared applies only when the pleadings are to be used as evidence upon issues properly raised and submitted.

For these reasons, we think that there should be a new trial.                                   Error.