JAMES McMILLAN v. R. H. GAMBILL et al.

*Practice—Failure to Deny Allegations of Complaint Equivalent to Admission—Chain of Title.*

In deducing his title in the trial of an action to recover land, the plaintiff traced the title from the State to J. M., but failed to show a conveyance from J. M. to M. B., under whom he claimed. The complaint alleged that J. M. conveyed the land in fee to M. B., and that had been lost or destroyed. These allegations were not denied by the answer : *Held*, that the failure to deny being equivalent in such case to an admission, these admitted allegations made the plaintiff's chain of title as complete as if the deed alleged to have been destroyed had been produced.

This was a CIVIL ACTION, to recover possession of a tract of land, tried at Fall Term, 1894, of ASHE Superior Court, before *Allen, J.,* and a jury.

The plaintiff claimed the land in controversy under deeds from the heirs of Meredith Ballou, who died prior to the commencement of this action. The plaintiff also claimed that Meredith Ballou derived his title to the land under a deed from John McMillan, of date about 1830.

In the complaint there were allegations as follows :

" John McMillan, who was then the owner of said land, conveyed the same in fee to Owen Meredith Ballou; that the deed made to Ballou has been lost or destroyed." The answer did not deny these allegations.

The plaintiff showed a regular chain of title covering the land in dispute from the State to John McMillan and from the heirs of Meredith Ballou to himself. The defendant offered no evidence. The Court being of opinion against the plaintiff so held, and defendant excepted.

*Mr. R. A. Doughton,* for plaintiff (appellant).
No counsel, *contra.*

BURWELL, J.: This is an action to recover land. The case states that "the plaintiff showed a regular chain of title covering that in dispute from the State to John McMillan and from the heirs of Meredith Ballou to himself." If he could have shown a deed from John McMillan to Meredith Ballou, his chain of title would have been complete.

Upon an examination of the pleadings we find that it is alleged in the third section of the complaint that "John McMillan, who was then the owner of said land, conveyed the same in fee to Meredith Ballou; that the deed made to Ballou has been lost or destroyed;" and these allegations are not denied in the answer. Failure to deny is equivalent in such case to an admission. By this admission the plaintiff's chain is therefore made as complete as it would have been if he had produced the deed so alleged to be lost. It seems evident that the fact that there was no denial of these allegations was not called to the attention of the Judge below.                              New Trial.