B. F. MITCHELL & CO. v. C. M. WHITLOCK.

*Trustee, Liability of for Purchase of Goods—Trial—Confession and Avoidance—Burden of Proof.*

1. A trustee purchasing goods, or incurring any other liability on account of his trust, is personally liable for the payment thereof unless his liability is limited by an agreement, expressed or implied, with the creditor.

2. Where defendant in an action for goods sold and delivered admitted obtaining the goods but alleged that he had bought them as trustee of an assigned estate and that credit had been extended to him as such, which was denied by the plaintiff, it was error on the part of the trial Judge to instruct the jury that the burden was on the plaintiff to show by a preponderance of evidence that he had sold and delivered the goods to the defendant individually. Defendant's answer in such case was in the nature of a plea of confession and avoidance and, having admitted obtaining the goods, he assumed the burden of proving the truth of his plea.

CIVIL ACTION tried before *Allen, J.,* and a jury at September Term, 1897, of NEW HANOVER Superior Court. There was a verdict for the defendant and, from a judgment dismissing the action, the plaintiff appealed.

*Messrs. Frank McNeill* and *J. H. Gore,* for plaintiff (appellant).
*Mr. Geo. Rountree,* for defendant.

DOUGLAS, J.: This was a civil action to recover the value of goods sold and delivered by the plaintiff to the defendant. It is admitted that the defendant ordered the goods as trustee and that they were so charged to him on the books of the plaintiff. The defendant testified that before sending any orders as trustee, he showed the plaintiff the written agreement containing the terms of the trust, and explained to him that he would run an account as trustee if he would agree to it; and that the plaintiff did agree to it and took the account with that understanding. This the plaintiff denies,.

MITCHELL *v.* WHITLOCK.

and says that the defendant did not disclose to him for whom he was trustee, or any of the conditions of the trust, and that he sold the goods to the defendant upon his individual credit. The jury found for the defendant.

Among other instructions, his Honor charged the jury "That the burden of proof was on the plaintiff to make out his case, and that if the plaintiff had failed to show by a preponderance of evidence that he had sold and delivered the goods to defendant individually, then they must answer the issue in favor of the defendant." In this we think there was error. The answer of the defendant was in the nature of a plea of confession and avoidance. Having admitted that he obtained the goods, he assumed the burden, and nothing else appearing the plaintiff would be entitled to judgment. A trustee purchasing goods, or incurring any other liability on account of his trust, is personally liable for the payment thereof unless his liability is limited by an agreement, expressed or implied, with the creditor. The liability of the trust estate is not now before us, the only question being the individual liability of the defendant. It is admitted that the defendant might have limited his liability by such an agreement with the plaintiff as he alleges to have been made, but, having alleged such an agreement, he must prove it. Proof always implies at least a preponderance of testimony.

The decision of this case depends more upon the application of elementary principles than precedents, but we think its general principles are analagous to those discussed in the two cases of *Banking Co.* v. *Morehead,* 116 N. C., 410, 413. For error in the charge of the Court a new trial must be ordered.

New trial.