E. J. STATEN, Appellant, v. A. HAMMER, Appellee.

Sale of Land: AGENCY: EXCESS OF AUTHORITY. Authority to sell at a stated price empowers an agent simply to make a cash sale at that price.

Pleadings: GENERAL DENIAL: SPECIAL PLEA. In an action for specific performance of a contract to sell land executed by an agent, plaintiff is required to allege agency and a sale under the authority conferred, and a general denial raises an issue on both allegations, rendering a special plea admitting the agency and alleging excess of authority, unnecessary.

Sale of Land: CONTRACT OF AGENT: RATIFICATION. Advance in the price of land is a legitimate ground for refusing to ratify an agent's unauthorized contract of sale.

*Appeal from Harrison District Court.*—HON. A. B. THOR-NELL, Judge.

FRIDAY, OCTOBER 23, 1903.

ACTION in equity to enforce specific performance of contract to convey land. Decree for defendant, and plaintiff appeals. — *Affirmed.*

*Cochran & Egan* for appellant.

*Roadifer & Arthur* for appellee.

WEAVER, J.—The alleged contract to sell and convey was made by one Robinson, who claimed to be the authorized agent for defendant for that purpose. Defendant denied having employed or authorized Robinson to sell the land, and further says that, if such an agency be established, said agent exceeded his authority in making the contract sued upon, and the same has never been approved or ratified by defendant. After hearing the testimony, the district court found that defendant did constitute Robinson his agent to sell the land, but further found that the contract made contained stipulations not authorized by defendant, and that plaintiff was therefore not entitled to specific performance. It is unnecessary for us to consider whether the alleged agency is established by the evidence, for, assuming the plaintiff's position in this respect to be correct, we are of the opinion that the conclusion of the district court as to the agent's act being in excess of his authority is clearly correct. Robinson's own statement as to his authority to sell is as follows: "I asked him what it [the price] was. He told me, and I asked him if I should sell it at that for him, and he said that at any time I could get that price to sell it. * * * All Mr. Hammer said was that he authorized me to sell at that price" —$25 per acre. Robinson does not claim that he was authorized to make a written contract in defendant's name, or at any time was authorized to depart from the terms first stated. The contract made by him with plaintiff is in writing, and provides for the payment of $500 on the signing of the contract, which was June 4, 1901, and the further sum of $2,500 on or before July 1, 1901, with

out interest. He further undertook to furnish plaintiff with an abstract of title showing the same to be free and clear in defendant, and to pay all taxes and the interest on an existing mortgage to March 1, 1902, on which date

1. SALE of land: agency: excess of authority. possession of the premises in good condition was to be given plaintiff. It is an elementary proposition that simple authority to sell at a given figure empowers the agent to do no more than make a sale for cash at not less than the stipulated price. In assuming to bind the plaintiff to accept a part of the purchase price at the execution of the contract and the remainder at a deferred date, to furnish an abstract of title and to pay taxes and interest thereafter accruing, to say nothing of still other items inserted in the contract, he acted without authority.

It is urged by appellant that this objection is not available to defendant save by special plea confessing the agency and alleging the excess of authority, and that no

2. PLEADINGS: general denial: special plea. such issue is tendered. The point does not appear to be well made. A plea in confession and avoidance is necessary only when defendant proposes to admit the truth of a material allegation made by the plaintiff, and to avoid liability thereon by affirmative proof of matters which destroy the effect of the allegations admitted. In other words, such a plea concedes to plaintiff an apparent or *prima facie* right of action, and would entitle plaintiff to judgment but for the matters affirmatively alleged in the answer. See Bouvier's Law Dict., and 1 Chitty's Plead. (16th Am. Ed.) 551, 552; *Conger v. Johnston*, 2 Denio, 96. In the case at bar plaintiff could state a *prima facie* cause of action only by alleging Robinson's agency and a sale by such agent in accordance with the authority so conferred. Defendant's denial put both allegations in issue, and plaintiff's failure to prove the latter rendered the dismissal of his petition imperative.

Considerable stress is laid in argument upon the alleged fact that after the creation of Robinson's agency the value of the land materially advanced, and that de-

3. Contract of agent: ratification.

fendant for that reason alone refused to recognize the sale. That such advance would not justify a refusal to carry out the contract of sale if made within the agent's authority may be readily conceded, but it is an entirely legitimate reason for refusing to ratify an unauthorized sale, such as we find this to have been.

The decree of the district court is right, and is AFFIRMED.