N. B. ADAMS ET ALS. v. ROBERT BEASLEY.

(Filed 26 September, 1917.)

**Pleadings—Admissions—Judgments—Evidence—Burden of Proof—Trials.**

> Where the owner of lands has contracted to convey them, and received a payment on the purchase price, and rendered his performance of his contract impossible by conveying the lands to another; and in the purchaser's action to recover the amount so paid, the payment and amount is admitted by the pleadings; and also therein, that the seller had paid the purchaser a stated smaller amount: *Held*, the doctrine that the burden of proof rests upon each of the parties to sustain their respective allegations, does not extend to admissions, and upon failure of each to introduce evidence, a judgment for the difference in the two amounts is properly rendered for the plaintiff.

CIVIL ACTION tried before *Stacy, J.,* at the February Term, 1917, of HARNETT.

This is an action to recover $350 and for damages.

The plaintiffs allege in their complaint that the defendant entered into a contract to convey to them certain real estate at a special price, and allege, further, the payment of $350 on the purchase price, and also that thereafter the defendant conveyed the land in question to a third party, thereby making it impossible for the defendant to comply with his contract. The defendant admits the execution of the contract to convey the land, the receipt by him of the $350 on the purchase price, and the conveyance by him thereafter of the land in question to a third party. The defendant then sets up in his answer matters in defense and alleges a counter-claim. The plaintiff filed a reply, denying the material allegations of the answer. It was also admitted that the defendant paid the plaintiff $50.

When the action came on for trial the plaintiffs contended that the burden of proof was on the defendant and declined to introduce any evidence, and the defendant contended that the burden of proof was on the plaintiffs and introduced no evidence. His Honor rendered judgment upon the pleadings in favor of the plaintiff for $300, and the defendant excepted and appealed.

*Clifford & Townsend for plaintiffs.*
*R. L. Godwin for defendant.*

ALLEN, J. The burden was on the plaintiff to prove the allegations of his complaint not admitted by the answer and on the defendant to establish his defense and his counter-claim, but neither party was required to offer evidence of facts admitted in the pleadings. It follows, therefore, as the matters alleged by the defendant as a defense and

MITCHELL v. LUMBER CO.

counter-claim were denied by the reply, that the defendant was not entitled to recover upon his counter-claim or to diminish the amount of the recovery by the plaintiff without furnishing evidence in support of his allegation; and as the plaintiffs introduced no evidence, they could only recover on the facts admitted, which are that the defendant agreed in writing to convey a certain tract of land to the plaintiff at a specified price; that the defendant had received $350 as a part of the purchase price; that thereafter the defendant conveyed the land to a third party and made it impossible for him to comply with his contract, and that he had paid to the plaintiffs $50 on the amount received from them, leaving a balance due of $300, for which his Honor rendered judgment in favor of the plaintiff.

It requires no citation of authority to sustain the position, that when one receives money upon a contract and then voluntarily makes it impossible for him to perform the contract, that he must at least return the money he has received. *Sprinkle v. Wellborn,* 140 N. C., 163.

The course taken by his Honor in rendering judgment upon the admissions made is in accordance with the ruling in *Parker v. Bladsoe,* 87 N. C., 221, which is approved in *Curran v. Kershner,* 117 N. C., 264.

In the *Parker case* the action was to recover on a note for $1,244.72. The answer set up certain defenses which required a reference, but it admitted $499.20 to be due, and it was held proper to render judgment for the latter amount and order a reference as to those matters in controversy.

Affirmed.