R. L. BRINSON v. E. G. MORRIS ET AL.

(Filed 29 September, 1926.)

**1. Pleadings—Answer—Issues—Statutes—Suits—Cloud on Title—Equity.**

Where the complaint in a suit to remove a cloud upon plaintiff's title to land (C. S., 1743), alleges that the plaintiff is the owner of the *locus in quo,* and asks for a reformation of his deed to the lands to show that by

mutual mistake the name of the grantee therein was that of a private business enterprise he was conducting, and that accordingly the defendants claimed an interest therein, an allegation in the answer in reply that the defendant had no knowledge or information sufficient to form a belief as to whether the plaintiff was conducting a business in the name of the grantee in the deed, is sufficient under our statute to raise the issue, and a judgment in plaintiff's favor upon the pleadings is reversible error. C. S., 519.

2. **Pleadings — Issues — Demurrer Ore Tenus in the Supreme Court — Equity—Cloud on Title.**

Where the complaint in a suit to remove a cloud upon plaintiff's title to the *locus in quo* alleges that the defendants claimed an interest therein under a deed which plaintiff seeks to have reformed, and the defendants deny that they have no claim thereto, it is sufficient to raise the issue at' least inferentially, and defendants' demurrer *ore tenus* in the Supreme Court to the sufficiency of the complaint to state a cause of action, will be denied.

APPEAL by defendants from *Cranmer, J.,* at August Term, 1926, of CHATHAM.

CIVIL action to reform deed and remove defendants' claim as cloud on plaintiff's title.

From a judgment on the pleadings in favor of plaintiff, the defendants appeal, assigning error.

*Siler & Barber for plaintiff.*
*J. A. Spence for defendants.*

STACY, C. J. Plaintiff alleges that he is a resident of Guilford County, engaged in the business of distributing oil and gasoline throughout various sections of North Carolina under the style name of "Southern Oil Company"; that on 16 March, 1925; he contracted to buy, and did buy, from the defendants a lot or parcel of land situate in the town of Pittsboro, and took a deed therefor in the name of Southern Oil Company, as grantee, when the same should have been made to "R. L. Brinson, trading and doing business under the style name of Southern Oil Company," in accordance with the intention of the parties; and that the defendants are now claiming an interest in the land, by reason of said defective deed. Wherefore, plaintiff brings this suit to have said deed corrected and to remove the defendant's claim to the land as a cloud on plaintiff's title. C. S., 1743. See *Robinson v. Daughtry,* 171 N. C., 200.

The defendants in their answer admit that R. L. Brinson is a resident of Guilford County, but say that they have no "knowledge or information sufficient to form a belief" as to whether he is "conducting and

operating his business under the style name of Southern Oil Company." This, in effect, was a statutory denial of the fact, and sufficient to require proof of the allegation. C. S., 519; *Person v. Leary,* 127 N. C., 114. It was error, therefore, to render judgment for the plaintiff on the pleadings.

On the argument in this Court the defendants demurred *ore tenus,* on the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendants. C. S., 511. But this must be overruled. It is alleged, inferentially at least, if not directly, that the defendants claim an interest in the land covered by the deed above mentioned. In answer to this allegation, the defendants say: "It is denied that the defendants have no claim thereto."

Let the cause be remanded, to the end that further proceedings may be had as the law directs and the rights of the parties require.

Error.