LUMMUS COTTON GIN COMPANY v. ANDREW WISE.

(Filed 25 February, 1931.)

1. **Evidence C d—Burden of proving matters set up in counterclaim is on the defendant.**

   In an action upon a purchase-money note a counterclaim based upon damages for breach of warranty of the thing sold is a cross-action with the burden of proof on the defendant setting it up.

2. **Trial D a—Where there is evidence to support allegations in answer setting up counterclaim, nonsuit is properly denied.**

   Where there is evidence to support defendant's counterclaim set up by him in his answer to the complaint the plaintiff's motion to dismiss the cross-action thereon is properly denied.

3. **Sales H e—Under facts of this case purchaser held not barred from recovery on warranty because of failure to comply with condition.**

   Where a written warranty of sale of machinery is based upon a condition precedent, and it appears that the purchaser could not read or write, and that the warranty was not read to him by the seller's agent, the nonperformance of the condition is held not to bar his right of recovery on the warranty in this case.

APPEAL by plaintiff from *Devin, J.,* at September Term, 1930, of JOHNSTON. No error.

This is an action to recover on a note for the sum of $845.70, executed by the defendant, in part payment of the purchase price for a cotton gin. In his answer defendant admitted the execution of the note, and also the execution of the conditional sales contract, by which the plaintiff retained title to the cotton gin, until all the notes for the purchase

price of said cotton gin had been paid. All of said notes except the note·sued on in this action have been paid.

Defendant alleged in his answer that plaintiff failed to perform fully its contract in the particulars specified in the answer, and also breached its warranty in the sale of the cotton gin. He demanded judgment that he recover of the plaintiff damages as a counterclaim or set-off against the note sued on in this action.

The jury found that there was a breach of the warranty as alleged in the answer and assessed defendant's damages at $600. From judgment on the verdict that plaintiff recover of the defendant the sum of $245.40, with interest from the date of the note, to wit, 25 June, 1925, plaintiff appealed·to the Supreme Court.

*A. M. Noble for plaintiff.*
*Abell & Shepard for defendant.*

PER CURIAM. On the admissions in the answer, but for the counterclaim alleged therein, the plaintiff was entitled to judgment on the pleadings. The burden of proof was therefore on the defendant, as the trial judge correctly ruled.

A counterclaim is a cross-action by the defendant against the plaintiff. The burden of proof is always on the defendant, who admits the cause of action alleged in the complaint, and relies upon a counterclaim alleged in his answer, which is denied· in the reply. In the absence of evidence tending to support the counterclaim, the defendant should be nonsuited. *McQueen v. Bank,* 111 N. C., 509, 16 S. E., 207.

In the instant case there was evidence in support of the allegations in the answer, constituting a counterclaim. There was, therefore, no error in the refusal of plaintiff's motion at the close of all the evidence that defendant's counterclaim or cross-action be dismissed.

Upon consideration of the other assignments of error by plaintiff on this appeal, we are of the opinion that they cannot be sustained. Defendant can neither read nor write. The warranty contained in the written contract was not read or explained to him by the salesman who solicited his order for the cotton gin. Under the circumstances as shown by all the evidence, and as found by the jury, the conditions precedent to a claim by the defendant for damages resulting from a breach of the warranty cannot and ought not to be enforced in the instant case. The judgment is affirmed. We find

No error.