LILLIAN B. LITTLE, ADMINISTRATRIX OF THE ESTATE OF E. E. LITTLE, DECEASED, v. C. L. RHYNE AND WIFE, MRS. C. L. RHYNE (BERTHA RHODES RHYNE).

(Filed 7 April, 1937.)

**Executors and Administrators § 10: Pleadings § 8a—Plaintiff need not introduce proof of allegations which are admitted to be true in answer.**

Plaintiff alleged that she was duly appointed administratrix of her intestate, and that she was then in the active discharge of her duties as such administratrix, which allegations were admitted to be true in defendants' answers. *Held:* The admission of the allegations establishes them, N. C. Code, 543, and makes it unnecessary for plaintiff to introduce evidence in support thereof, and the allegations are sufficiently broad to establish plaintiff's right to maintain the action as administratrix, and a contention that the allegations were insufficient in that it was not alleged that plaintiff had duly qualified, is untenable, the allegation that plaintiff was actively engaged in the discharge of her duties as administratrix, liberally construed, being sufficient to imply qualification.

APPEAL by plaintiff from *Sink, J.,* at January Term, 1937, of IREDELL. Reversed.

This is a civil action brought by the plaintiff to recover judgment on two certain notes alleged to have been executed and delivered by the defendants to one D. P. Rhodes, and transferred and assigned and nego-

tiated by the said D. P. Rhodes, by blank endorsement, to the plaintiff's intestate before maturity, which allegation is denied by the defendant's answer.

It was admitted of record at the May, 1936, Term of Superior Court for Iredell County that the defendants executed said note, and that the endorsement of D. P. Rhodes was genuine. Counsel for the defendants, upon request, admitted in writing that the signatures of the defendants to said notes were genuine on 29 January, 1936. Both of these admissions were introduced in evidence at the time of the trial, as were the two notes upon which the suit was brought.

It was alleged in the complaint that the plaintiff's intestate died intestate on 25 January, 1933, and that she was duly appointed as administratrix of the estate of E. E. Little on 21 January, 1933, and was, at the time the suit was instituted, actively engaged in the discharge of her duties as such administratrix. It is admitted in the defendants' answer and in the amended answer of the defendant Mrs. C. L. Rhyne that this allegation is true.

At the conclusion of the plaintiff's evidence, the defendants moved for a judgment of nonsuit on the ground that the plaintiff had failed to make out her case in that no proof has been offered that she was, in fact, the administratrix of the estate of E. E. Little. The defendants' motion was allowed by the court, and judgment of nonsuit entered accordingly, whereupon the plaintiff excepted, assigned error, and appealed to the Supreme Court.

The plaintiff's exceptions and assignments of error are as follows:

"1. That the court erred in allowing the motion for judgment of nonsuit at the conclusion of the plaintiff's evidence.

"2. That the court erred in holding that, upon the evidence presented, the plaintiff had failed to make out her case for the reason that she had not offered proof that she was in fact administratrix of the estate of E. E. Little, although this fact was alleged in the complaint and admitted in both answers of the defendants."

*Raymer & Raymer for plaintiff.*
*Lewis & Lewis for defendants.*

CLARKSON, J. At the close of plaintiff's evidence, on motion of defendants, the court below allowed defendants' motion for judgment as in case of nonsuit. C. S., 567. In this we think there was error.

The plaintiff alleged in her complaint: "That E. E. Little, late of Iredell County, North Carolina, died intestate on or about 25 January, 1933, and that the plaintiff Lillian B. Little, administratrix of the estate of E. E. Little, was duly appointed as such by the clerk of Superior

Court of Iredell County, North Carolina, on 31 January, 1933, and is now in the active discharge of her duties as such administratrix."

The defendants in their answer say: "That the allegations contained in the first paragraph of the complaint are true."

The amended answer of Mrs. C. L. Rhyne states: "That paragraph 1 of the complaint is true and admitted."

N. C. Code, 1935 (Michie), section 543, is as follows: "Allegations not denied, deemed true.—Every material allegation of the complaint not controverted by an answer, and every material allegation of new matter in the answer, constituting a counterclaim, not controverted by the reply is, for the purposes of the action, taken as true. But the allegation of new matter in the answer, not relating to a counterclaim, or of new matter in reply, is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case requires."

N. C. Practice and Procedure in Civil Cases (McIntosh), pp. 366-7, is as follows: "The material facts are those alleged in the complaint, and which the plaintiff must prove in order to establish his cause of action, and, when one of these facts is not denied in the answer, it is as effectual as if found by a jury; and it is not necessary to introduce the pleadings in evidence to show that there was no denial. Where the complaint alleges a material fact upon information and belief, and the answer admits such allegation, it is an admission of the facts alleged, and not simply of the information and belief. . . . For determining the cause of action or defense, and the material facts which are controverted, each party is bound by his pleading, as a conclusive or judicial admission, and it is not a question of evidence." *West v. A. F. Messick Gro. Co.,* 138 N. C., 166; *Leathers v. Blackwell Durham Tob. Co.,* 144 N. C., 330; *Page v. Life Ins. Co. of Va.,* 131 N. C., 115; *Adams v. Beasley,* 174 N. C., 118.

The defendants contend: "That the plaintiff should have introduced evidence to the jury and to the court showing that she was the duly appointed and *qualified* administratrix of the estate of E. E. Little, deceased, and having failed to do so, the court was entirely right in granting the motion of nonsuit at the close of plaintiff's evidence. However, if the court should be of the opinion that when the allegations of the complaint are admitted, or are not denied, that no proof need be offered as contended by the plaintiff in this action, then we call the court's attention to the fact that the plaintiff did not allege in the complaint that the plaintiff was the duly appointed and *qualified* administratrix of the estate of E. E. Little; and, of course, was not admitted in the answer."

It goes without saying that plaintiff must be the duly appointed and qualified administratrix of the estate of E. E. Little. We think the

allegations in the complaint admitted in the answers show this. The plaintiff alleges that she was "duly appointed," and goes further and alleges, "And is now in the active discharge of her duties as such administratrix." Liberally construed, as our pleadings are, we think this language implies that she "qualified." The contention of defendants is too technical, and cannot be sustained.

For the reasons given, the judgment of the court below is

Reversed.