O. D. BARBER v. C. C. EDWARDS and C. V. CHURCHILL.

(Filed 20 December, 1940.)

**1. Pleadings § 10—**

When the answer sets up as a counterclaim a judgment against plaintiff which had been purchased by defendant, but fails to allege that defendant was the owner of the judgment at the time of the institution of the action, plaintiff's demurrer *ore tenus* to the answer will be sustained, even in the Supreme Court on appeal, since it is required that a counterclaim not arising out of plaintiff's claim must be one existing at the commencement of the action.   C. S., 521 (2).

**2. Pleadings § 23—**

When a demurrer to the answer is sustained, defendant has the right to amend, if he so elects.   C. S., 515, 525.

APPEAL by defendant Edwards from *Williams, J.,* at April Term, 1940, of DURHAM.   Remanded.

*Hedrick & Hall for plaintiff.*
*W. H. Hofler and C. S. Hammond for defendants.*

DEVIN, J.   Plaintiff instituted action 16 August, 1939, to recover on a note for $246.00, executed by defendant C. C. Edwards.   Defendant Edwards, on 7 September, 1939, answered admitting the execution of the note and his indebtedness thereon to the plaintiff as alleged, but pleaded as a counterclaim a judgment against the plaintiff O. D. Barber in the sum of $1,805.81.   Defendant's allegation with respect to the judgment

was "that the defendant is now the owner and holder of a judgment against the plaintiff." On the trial the defendant testified he bought the judgment 19 May, 1939, but the entry on the judgment docket showed assignment to defendant Edwards 29 August, 1939. The court held that defendant had acquired the judgment subsequent to the institution of the action, and that therefore it could not avail him in this action. Peremptory instructions were given the jury for the amount of the note. From verdict and judgment in accord with this ruling, the defendant Edwards appealed.

In this Court plaintiff demurred *ore tenus* to the counterclaim alleged in the answer. By C. S., 521 (2), it is required that a counterclaim not arising out of plaintiff's claim must be one existing at the commencement of the action. The action was begun 16 August, 1939. Defendant filed his answer 7 September, 1939. It speaks as of that date. The allegation therein that he is now the owner of the judgment against the plaintiff fails to state that he was the owner of the judgment at the time of the commencement of the action. It is insufficient to show that he had a right to set up the judgment as a counterclaim existing at that time. The demurrer to the defendant's counterclaim must be sustained. *Reynolds v. Smathers,* 87 N. C., 24; *Bank v. Northcutt,* 169 N. C., 219, 85 S. E., 210; *Cody v. Hovey,* 216 N. C., 391, 5 S. E. (2d), 165.

However, the defendant, under the provisions of C. S., 515, and C. S., 525, has a right to amend his allegation of set-off or counterclaim if he so elects. *Cody v. Hovey,* 217 N. C., 407, 8 S. E. (2d), 479. For that reason the cause is remanded to the end that he may have opportunity to do so. *Rayburn v. Rayburn, ante,* 514. The defendant's admission of the debt set out in the complaint would entitle plaintiff to judgment for the amount sued for, unless the defendant can properly allege and prove a valid set-off or counterclaim existing at the time of the commencement of the action, the burden being upon him to do so.

Remanded.