NORA CLAYTON WELLS v. BENNEHAN CLAYTON, AN INSANE PERSON, WHO DEFENDS BY HIS GUARDIAN AD LITEM, CLYDE T. SATTERFIELD.

(Filed 22 August, 1952.)

**1. Pleadings § 25—**

An issue of fact is raised for the determination of the jury whenever a material fact, which is one constituting a part of plaintiff's cause of action or the defendant's defense, G.S. 1-172, G.S. 1-196, is alleged by one party and denied by the other.

**2. Pleadings § 28—**

Even though an issue of fact be raised by the pleadings, if the party having the burden of proof thereon fails to introduce any evidence, the adverse party is entitled to judgment on the issue.

**3. Pleadings § 3a—**

The plaintiff must allege in his complaint every fact necessary to constitute his cause of action. G.S. 1-122.

**4. Pleadings § 25½—**

Plaintiff must prove every material fact alleged by him if it is denied by the answer of defendant, but this rule does not apply to an immaterial allegation.

**5. Same: Evidence § 42f—**

If a fact essential to plaintiff's cause of action is admitted in the answer not only is plaintiff not required to prove same, but such fact is to be taken as true for all purposes connected with the trial whether or not the admission is introduced in evidence. G.S. 1-159.

**6. Pleadings § 7—**

To be sufficient, the answer must contain a denial of each material allegation of the complaint controverted by defendant, or a statement of new matter constituting an affirmative defense, or a statement of new matter constituting a counterclaim, G.S. 1-135. Such new matter may constitute both an affirmative defense and a counterclaim.

**7. Pleadings § 13—**

New matter in an answer constituting a counterclaim is to be taken as true for the purposes of the action unless it is actually controverted by a reply, G.S. 1-159, or by implication of law because not served upon plaintiff or his counsel as required by G.S. 1-140.

**8. Same—**

New matter in the answer not relating to a counterclaim is deemed controverted by plaintiff as upon direct denial or avoidance as the case may be without a formal reply, G.S. 1-159, although the court may require plaintiff, on defendant's motion, to reply to new matter constituting a defense by way of avoidance, G.S. 1-141.

**9. Evidence § 8—**

The defendant has the burden of proving an affirmative defense, or a controverted counterclaim.

**10. Pleadings § 9—**

A plea in confession and avoidance admits the cause of action alleged by plaintiff and sets up some new affirmative matter in avoidance of same.

**11. Pleadings § 28—**

Plaintiff is entitled to judgment as a matter of law upon a plea in confession and avoidance if defendant fails to prove the new matter alleged by him to avoid the confessed cause of action, regardless of whether the new matter constitutes a counterclaim or an affirmative defense.

**12. Quieting Title § 2—**

In a suit under G.S. 41-10 to quiet title, plaintiff is required to allege ownership of the land in controversy or that he has some estate or interest in it and that defendant has asserted some claim adverse to plaintiff's title, estate or interest, but plaintiff is not required to allege or show the specific circumstances giving rise to defendant's adverse claim unless it is essential for plaintiff to overcome such claim in order to establish his own title, estate or interest.

**13. Same—Where defendant in action to quiet title fails to offer any evidence in support of plea in confession and avoidance, plaintiff is entitled to judgment.**

Plaintiff alleged record title to the land in question and that defendant wrongfully claimed that he had contributed money for the purchase price and wrongfully asserted an interest in the land to the extent of his alleged contribution. Defendant admitted that plaintiff held record title but alleged that defendant had contributed his funds to the purchase price and that plaintiff held title, in part at least, as trustee for defendant. The answer was not served on plaintiff. *Held:* Defendant's admission of plaintiff's record title constitutes a confession of plaintiff's cause since the holder of record title must be assumed to be the true owner unless the contrary appears, and therefore defendant's answer set up new matter in confession and avoidance constituting a defense and counterclaim for reformation, and upon defendant's failure to introduce evidence in support of such new matter, plaintiff is entitled as a matter of law to judgment quieting her title as against the adverse claim of defendant.

**14. Appeal and Error § 39c—**

Where plaintiff is entitled to judgment as a matter of law, any error in the trial of the cause must be held harmless on defendant's appeal.

APPEAL by defendant from *Burgwyn, Special Judge,* and a jury, at February Term, 1952, of PERSON.

Statutory action to quiet title to realty against an adverse claim.

The complaint makes out this case in detail:

The plaintiff, Nora Clayton Wells, was divorced from her former husband, the defendant, Bennehan Clayton, before the commencement of this action. During the existence of their marriage, the plaintiff bought certain land in Roxboro Township, Person County, from Beatrice L. Latta, and took fee simple title to it in her own name under deeds duly recorded in the office of the Register of Deeds of Person County. Although the plaintiff paid the entire purchase price of the land with her own moneys and is its absolute owner, the defendant wrongfully "claims that he contributed a large portion of the funds which were used for the purchase of said property . . . and . . . that the plaintiff holds the land in trust for him to the extent of his contribution to the purchase price." This adverse claim substantially impairs the market value of the land.

The complaint prays that the plaintiff's fee simple title be quieted as against the defendant's adverse claim.

The answer admits that the plaintiff has record or paper title to the land in controversy, and "that the defendant claims an interest in the land adverse to the plaintiff." It then alleges this new matter in detail:

Prior to the execution of the deeds mentioned in the complaint, the plaintiff and the defendant agreed to buy the land in dispute together, and to take title to it in their joint names as tenants by the entirety. Pursuant to this agreement, the defendant paid a substantial portion of the purchase price of the property with his own funds. Despite this, the plaintiff, acting with the fraudulent intent of defeating the rights of the defendant, obtained title to the land in her own name alone. As a consequence of these matters, the plaintiff holds the record or paper title in trust for the benefit of herself and the defendant.

The answer prays "that the defendant and plaintiff be declared the owners in fee simple of the land described in the complaint" and "that the deeds to said property be reformed by inserting the defendant's name . . . therein" as a co-grantee with the plaintiff.

The answer was not served on the plaintiff or her counsel of record, and the court did not direct the plaintiff to reply to the new matter contained in it. The plaintiff did not, in fact, file any reply.

The defendant was adjudged insane subsequent to the conveyance of the land to the plaintiff and prior to the bringing of the action. In consequence, he defends through a guardian *ad litem.*

When the case was tried before the judge and a jury, the plaintiff testified that she "paid for the land" in controversy, and that no other person made any payment on it. She also introduced in evidence the deeds mentioned in the complaint, and the portion of the answer admitting "that the defendant claims an interest in the land adverse to the plaintiff." The defendant offered no testimony whatever.

The judge submitted this issue to the jury: "Is the plaintiff the owner of the premises described in the complaint free and clear of any claim or any right of the defendant to any part thereof or any interest therein?"

The jury answered the issue "Yes," and the judge entered judgment on this finding adjudging that the plaintiff owns the land in suit free from any claim on the part of the defendant.

The defendant excepted and appealed. His assignments of error assert that the judge erred in denying his motion for a compulsory nonsuit, in admitting the testimony of the plaintiff, and in charging the jury.

*Burns & Long and R. P. Reade for plaintiff, appellee.*

*Victor S. Bryant, Robert I. Lipton, and Davis & Davis for defendant, appellant.*

ERVIN, J.　These propositions are well settled:

1. The law confers upon the parties to a civil action the right to a jury trial when, and only when, an issue of fact arises on the pleadings. G.S. 1-172; *Jeffreys v. Ins. Co.,* 202 N.C. 368, 162 S.E. 761; *Comrs. v. George,* 182 N.C. 414, 109 S.E. 77; *McQueen v. Bank,* 111 N.C. 509, 16 S.E. 270. An issue of fact arises on the pleadings whenever a material fact is maintained by one party and controverted by the other. G.S. 1-196; *Lupton v. Day,* 211 N.C. 443, 190 S.E. 722. A material fact is one which constitutes a part of the plaintiff's cause of action or the defendant's defense. *Adams v. Way,* 32 Conn. 160; *People v. Lake St. R. R. Co.,* 54 Ill. App. 348; *Hansen v. Sandvik,* 128 Wash. 60, 222 P. 205. Although an issue of fact may arise on the pleadings in a particular case, the trial judge may and should withdraw the issue from the consideration of the jury, and enter such judgment as either of the parties may have the right to demand upon the admissions of fact contained in the pleadings if no evidence is offered tending to sustain the allegation of the party having the burden of proof on the issue. *Forbes v. Mill Co.,* 195 N.C. 51, 141 S.E. 252; *McQueen v. Bank, supra; Judson v. Creighton,* 88 Neb. 37, 128 N.W. 651.

2. The plaintiff must allege in his complaint every fact necessary to constitute his cause of action. G.S. 1-122; *Potter v. Supply Co.,* 230 N.C. 1, 51 S.E. 2d 908; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412. Moreover, he must prove every such fact if it is denied by the answer of the defendant. *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648; *Parsley &*

*Co. v. Nicholson,* 65 N.C. 207. But no proof is required of an immaterial allegation. *Jeffreys v. Ins. Co., supra;* 41 Am. Jur., Pleading, section 369; 71 C.J.S., Pleading, section 522.

3. A fact essential to the plaintiff's cause of action need not be proved if it is alleged in the complaint and admitted in the answer. *Light Co. v. Sloan,* 227 N.C. 151, 41 S.E. 2d 361; *Little v. Rhyne,* 211 N.C. 431, 190 S.E. 725; *Adams v. Beasley,* 174 N.C. 118, 93 S.E. 454; *McMillan v. Gambill,* 115 N.C. 352, 20 S.E. 474; *Hargrove v. Adcock,* 111 N.C. 166, 16 S.E. 16; *Jenkins, Admx., v. The N. C. Ore Dressing Co.,* 65 N.C. 563. The admission is as effectual as if the fact admitted were found by a jury, and such fact is to be taken as true for all purposes connected with the trial. G.S. 1-159; *Light Co. v. Sloan, supra; Leathers v. Tobacco Co.,* 144 N.C. 330, 57 S.E. 11, 9 L.R.A. (N.S.) 349; *Bonham v. Craig,* 80 N.C. 224. This is so even though the admission is not introduced in evidence. *Page v. Insurance Co.,* 131 N.C. 115, 42 S.E. 543; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 364.

4. An answer is a pleading designed to present the defendant's side of the case stated in the plaintiff's complaint. G.S. 1-124. To be sufficient, the answer of the defendant must contain one or more of the following things: (1) A denial of each material allegation of the complaint controverted by the defendant. (2) A statement of new matter constituting an affirmative defense to the cause of action stated in the complaint. (3) A statement of new matter constituting a counterclaim. G.S. 1-135; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 456. The new matter alleged in an answer in a particular case may constitute both an affirmative defense and a counterclaim. *Lancaster Mfg. Co. v. Colgate,* 12 Ohio St. 344. When an answer contains new matter constituting a counterclaim, such new matter is to be taken as true for the purposes of the action unless it is actually controverted by the reply of the plaintiff as required by G.S. 1-159, or unless it is deemed to be denied by the plaintiff as a matter of law without a formal reply on account of the neglect of the defendant to cause the answer to be served upon the plaintiff or his counsel of record as provided by G.S. 1-140. *Lawrence v. Heavner,* 232 N.C. 557, 61 S.E. 2d 697. When an answer contains new matter not relating to a counterclaim, the new matter is deemed controverted by the plaintiff as upon a direct denial or avoidance as the case may be without a formal reply. G.S. 1-159; *Wagon Co. v. Byrd,* 119 N.C. 460, 26 S.E. 144. The court possesses discretionary power, however, to require the plaintiff, on the defendant's motion, to reply to new matter constituting a defense by way of avoidance. G.S. 1-141.

5. The defendant has the burden of proving an affirmative defense, or a controverted counterclaim. *MacClure v. Casualty Co.,* 229 N.C. 305,

49 S.E. 2d 742; *Barber v. Edwards,* 218 N.C. 731, 12 S.E. 2d 234; *Jones v. Waldroup,* 217 N.C. 178, 7 S.E. 2d 366; *Williams v. Insurance Co.,* 212 N.C. 516, 193 S.E. 728; *Gin Co. v. Wise,* 200 N.C. 409, 157 S.E. 20; *Millsaps v. McCormick,* 71 N.C. 531. An answer may be in essence a plea in confession and avoidance. Such plea, as its name implies, admits the cause of action alleged by the plaintiff, and sets up some new affirmative matter in avoidance of the same. 41 Am. Jur., Pleadings, section 158; 71 C.J.S., Pleading, section 163. In other words, it confesses the validity of the plaintiff's claim and entitles the plaintiff to judgment thereon, except for the new affirmative matter alleged to avoid such claim. *Cohoon v. Swain,* 216 N.C. 317, 5 S.E. 2d 1; *Mitchell v. Whitlock,* 121 N.C. 166, 28 S.E. 292; *Staten v. Hammer,* 121 Iowa 499, 96 N.W. 964; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 461. As a consequence, the plaintiff is entitled to judgment as a matter of law on the cause of action stated in the complaint and admitted in the answer when the answer is in essence a plea in confession and avoidance and the defendant fails to prove the new affirmative matter alleged by him to avoid the confessed cause of action. *Cook v. Guirkin,* 119 N.C. 13, 25 S.E. 715; *McQueen v. Bank, supra; Rumbough v. Improvement Co.,* 109 N.C. 703, 14 S.E. 314. This is true even though the matter alleged in avoidance constitutes a counterclaim as well as an affirmative defense. *Barber v. Edwards, supra; Forbes v. Mill Co., supra.*

6. The General Assembly of 1893 enacted the statute now codified as G.S. 41-10 to avoid some of the limitations imposed upon the remedies formerly sought by a bill of peace or a bill *quia timet,* and to establish an easy method of quieting titles to land against adverse claims. McIntosh: North Carolina Practice and Procedure in Civil Cases, sections 986, 987. This statute provides that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." The statutory action to quiet title to realty consists of two essential elements. The first is that the plaintiff must own the land in controversy, or have some estate or interest in it (*Thomas v. Morris,* 190 N.C. 244, 129 S.E. 623); and the second is that the defendant must assert some claim to such land adverse to the plaintiff's title, estate or interest. *Brinson v. Morris,* 192 N.C. 214, 134 S.E. 453; *Satterwhite v. Gallagher,* 173 N.C. 525, 92 S.E. 369; *Christman v. Hilliard,* 167 N.C. 4, 82 S.E. 949; *Rumbo v. Manufacturing Co.,* 129 N.C. 9, 39 S.E. 581; *Duncan v. Hall,* 117 N.C. 443, 23 S.E. 362. Despite statements to the contrary in cases in other jurisdictions, the plaintiff is not bound to show as an independent proposition in his statutory action to quiet title the invalidity and wrongfulness of the adverse claim. These matters are inseparably interwoven in the two essential elements set forth above. The claim of the defendant is

necessarily invalid and wrongful if it is adverse to the title, estate or interest of the true owner. The plaintiff is not required to allege or show the specific circumstances giving rise to the defendant's adverse claim, unless it is essential for the plaintiff to overcome such claim in order to establish his own title, estate or interest. Hence, it is ordinarily sufficient for the plaintiff to allege and show in general terms that the defendant is asserting some claim adverse to him. *Ramsey v. Ramsey,* 224 N.C. 110, 29 S.E. 2d 340.

The task of applying these rules to the instant case must now be performed. The complaint states every fact necessary to constitute a statutory action to quiet title to land against an adverse claim. It alleges that the plaintiff owns the land in controversy in fee simple, and that the defendant asserts some claim to such land adverse to the plaintiff's title. When all is said, the answer is in essence a plea in confession and avoidance. It admits that the plaintiff holds the record or paper title to the land in dispute, and that the defendant claims an estate or interest in such land adverse to the plaintiff. These admissions are tantamount to a confession of the cause of action alleged in the complaint. This is true for the very simple reason that the holder of the record or paper title to land must be assumed to be its true owner unless the contrary appears. *Hayes v. Cotton,* 201 N.C. 369, 160 S.E. 453; *Power Co. v. Taylor,* 196 N.C. 55, 144 S.E. 523; *Land Co. v. Floyd,* 171 N.C. 543, 88 S.E. 862; *Campbell v. Everhart,* 139 N.C. 503, 52 S.E. 201; *Bryan v. Spivey,* 109 N.C. 57, 13 S.E. 766; *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142; *Burnside v. Doolittle,* 324 Mo. 722, 24 S.W. 2d 1011.

The answer alleges this new matter to avoid the cause of action confessed: That the plaintiff holds the record or paper title in part at least as a trustee for the defendant. Such new matter constitutes both an affirmative defense by way of avoidance and a counterclaim by way of reformation. *Lawrence v. Heavner, supra; Cuthbertson v. Morgan,* 149 N.C. 72, 62 S.E. 744; *Manufacturing Co. v. Cloer,* 140 N.C. 128, 52 S.E. 305; *McLamb v. McPhail,* 126 N.C. 218, 35 S.E. 426; *Anderson v. Logan,* 105 N.C. 266, 11 S.E. 361. It must be deemed to be denied by the plaintiff on the present record.

As a consequence, the defendant had the burden of proving the new matter alleged by him by way of avoidance and counterclaim. He offered no evidence at the trial tending to establish the new matter. This being true, the plaintiff was entitled as a matter of law to have the trial judge withdraw the case from the consideration of the jury and to enter a final judgment quieting her title as against the adverse claim of the defendant. It necessarily follows that the errors, if any, committed by the trial judge in admitting the plaintiff's testimony, in passing on the sufficiency of

such testimony, and in charging the jury were harmless, and will not justify the award of a new trial.

For the reasons given, there is in law

No error.