ALEXANDER CLAY, JR. AND CLEM E. CLAY v. ALONZA CLAY.

(Filed 10 April 1963.)

**Judgments § 18;　Quieting Title § 2—**

　　Plaintiffs, in an action to quiet title, may assert that defendants claim under a tax foreclosure deed and may attack the validity of the tax foreclosure deed as to them on the ground that they held a vested remainder in the lands and were not parties to the tax foreclosure, since a void judgment is subject to collateral attack.

APPEAL by plaintiff Clem E. Clay from *Bundy, J.,* October 1962 Civil Term of PERSON.

Civil action instituted under G.S. 41-10 to quiet title.

The complaint alleges the following facts:

The two plaintffs and the defendant each own a one-twelfth undivided interest in a certain lot of land in Person County which they acquired by the will of their grandfather, Alexander Clay, who devised the land to the father of the parties for life with remainder to his children *per stirpes*. Based on conveyances subsequent to a tax foreclosure proceeding to which the plaintiffs were not parties, the defendant claims the land in fee simple. Plaintiffs pray that the cloud of defendant's adverse claim be removed from their interests in the property.

The defendant demurred to the complaint for that all the parties to the tax foreclosure proceeding are not parties to the present action; that the complaint alleges no fraud or any ground for equitable relief; and that a motion in the tax foreclosure proceeding is the proper method to contest its validity. Judge Bundy sustained the demurrer and dismissed plaintiffs' action. The plaintiff Clem E. Clay appealed.

*Burns, Long and Burns for plaintiff appellants.*
*T. Jule Warren and Blackwell M. Brogden for defendant appellee.*

PER CURIAM. For the purpose of testing the sufficiency of the complaint the demurrer admitted that the defendant claims title to the land described in the complaint under a tax foreclosure proceeding to which the plaintiffs, remaindermen who each owned a one-twelfth interest in the land, were not made parties. The defendant demurred, and the demurrer was sustained, on the erroneous assumption that the plaintiffs may not collaterally attack the validity of the judgment in the tax foreclosure proceeding. This proposition was decided adversely to the defendant in *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717, an ejectment action in which plaintiffs claimed land under a tax-sale foreclosure proceeding to which the remaindermen were not parties. This Court said, "The interest of the remaindermen was not affected by the judgment in the tax foreclosure suit, or by any proceeding had under it. . .A judgment void for want of jurisdiction is open to attack in a collateral proceeding."

Under G.S. 41-10 each of the plaintiffs was entitled to maintain this action against the defendant to determine the validity of defendant's adverse claim to his one-twelfth interest. *Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16.

The judgment sustaining the demurrer and dismissing the action is

Reversed.