## UNITED COMMERCIAL TRAVELERS v WATKINS

Ohio Appeals, 9th Dist, Summit Co
No 1833.   Decided March 11, 1931

E. W. Dillon and Musser, Kimber & Huffman, all of Akron, for Insurance Co.

Slabaugh, Seiberling, Huber & Guinther, Akron, for Watkins.

**WASHBURN, J.**

The two principal errors claimed are, that the verdict is manifestly against the weight of the evidence, and that the two instructions in writing, given before argument at the request of the beneficiary, as to presumptions against suicide and against reckless exposure to risk, were out of place and erroneous.

As to said requests, the jurors were told that the presumptions referred to were to be indulged by them **unless** the evidence before them, by a preponderance, should indicate the contrary.

It is claimed that, as the burden was on the beneficiary to prove that the death was the result of an accident, she was necessarily required to prove that it was not the result of self-destruction, because that which is designed and expected by the person to whom it happens, is not an accident, and that therefore No. 1 of said instructions placed the burden upon the insurer to prove that the insured committed suicide, when the burden was on the beneficiary to prove that the insured did **not** commit suicide.

Counsel for the beneficiary answer said claim by denying that the giving of said request placed the burden upon the insurer to prove suicide, claiming that said request has reference to the effect to be given to the presumption, regardless of who has the burden of proving suicide; that by said charge the jurors were simply told that unless the evidence, when all of it was considered, prepondered in favor of that which was inconsistent with the presumption, then the presumption would prevail; that to so charge did not relieve the beneficiary from the burden of proving accidental death by a preponderance of the evidence as a condition of recovery; the claim being that when the beneficiary proved facts consistent with either death by accident or by suicide, the presumption against suicide arose and was sufficient to sustain the beneficiary's burden of proving accidental death and to sustain recovery unless the jury should find that the evidence pre-

ponderated in favor of the claim that death was the result of suicide.

There is force in the argument that by said request the court did not place upon the insurer the burden of proving that the death was the result of suicide (**Ins. Co. v. Boiteaux, 5 O. Dec. Rep 242,** fifth paragraph of syllabus); certain it is that the court did not explicitly and plainly so charge, and it is evident that the trial judge did not so regard the giving of said request, because in the general charge the court expressly and in plain and unmistakable language placed upon the beneficiary the burden of proving that said death was not self-inflicted, and in view of all that the judge said to the jury we do not think it likely that the jury understood said special request to mean that the burden was on the insurer to prove suicide.

But if the language of said request can be fairly construed to so charge, the insurer could not have been prejudiced thereby if the court would have been justified in plainly so charging, and if the court would have been justified in so charging, the insurer could not have been prejudiced by the fact that in the general charge the burden of proving that the death was not the result of a suicide was placed upon the beneficiary; in other words, if the burden on the issue as to suicide was on the insurer, the fact that in the general charge the burden as to that issue was placed on the beneficiary, could not have prejudiced the insurer.

On principle, we think that in a situation such as is presented by the record in this case, the burden on the issue as to suicide should be on the insurer.

It is true that the word "accident" is used to denote an undesigned event, and in that sense a suicide would not be an accident; but the word is also used in a popular sense to denote an unusual or unnatural happening—one not according to the usual course of things.

In the description of the obligation of the insurer in the policy in this case, the word "accidental" is used; if it is there used in the sense of an unforeseen event which the insured had no agency in bringing upon himself, there was no occasion for a provision in the policy exempting the insurer from liability for death by suicide, and the fact that the policy contains such exemption, indicates that the word "accidental" was used in its popular sense and as not excepting suicide; to exempt is to release from an existing liability, which would

continue but for the exemption, and therefore, following the established rule of strict construction against the insurer, by the terms of the policy suicied is made a defense; it was so plead in this case, and under the facts as shown by the record, we see no good reason why the burden of proving it should not be upon the insurer.

It is a general rule that where there is a general provision setting forth the obligation under a policy, and then a provision in the nature of an exception to such general provision, the plaintiff is not required to traverse such exception and prove the negative, but the duty is upon the defendant to plead such exception and prove facts necessary to bring the case within the exception.

Allen v. Travelers Protective Assn., 143 N. W. 574.

Mumaw v. Western & Southern Life Ins. Co., 97 Oh St 1.

Coburn v. Travelers Ins. Co., 13 N. E. 604.

North American Acc. Ins. Co. v. Culick, 25 C. D. 395.

Moody v. Ins. Co., 52 Oh St 12.

Starr v. Aetna Ins. Co., 4 L. R. A. (N. S.) 636.

It should be remembered that when the beneficiary rested her case she had proven a death by external and violent means, which was accidental unless within the exemption in the policy, and as to such exemption the facts were such as to give rise to a presumption in her favor.

The presumption against suicide is based upon a well nigh universal human characteristic, and it arises in a case whenever the cause of death is in issue and the evidence discloses a state of facts consistent with either accident, in the sense of an undesigned event, or of suicide; and when the evidence is such as to give rise to the presumption, the effect of the presumption is that the plaintiff must recover, in the absence of evidence by the insurer which overcomes the presumption, and therefore in a case like this one, where the insurance covers death caused by external, violent and accidental means, and it is provided in an exemption in the policy that the insurer shall not be liable for death resulting from self-destruction while sane or insane, and the insurer pleads such exemption as a defense, and the evidence is such as to give rise to the presumption that the death was accidental, it is not error for the court to charge that the burden of proving death by suicide is upon the insurer; to produce

evidence merely to counterbalance such presumption is not sufficient to defeat recovery.

As we understand it, such in effect was the holding of the Supreme Court of the United States in a case, which, so far as this question is concerned, was the same as the case at bar, and the policy upon which suit was brought contained provisions very similar, if not identical, with the policy involved in this case.

Travelers Ins. Co. v. McConkey, 127 U. S. 661.

And that case was followed in Standard L. & A. Ins. Co. v. Thornton, 100 Fed. 582.

"If the circumstances under which the insured came to his death are such that it may have resulted from suicide, and the insurer alleges that fact as a defense, the burden is on it to establish that fact, for the law presumes that the insured did not intentionally take his own life."

14 R. C. L., Sec. 416, p. 1235.

To the same effect also are—

Aetna Life Ins. Co. v. Taylor, 193 S. W. 540.

Sovereign Camp of W. of the W. v. Winn, 90 S. E. 319.

Hanner, Admr., v. Aetna Life Ins. Co., 49 W. L. Bulletin 140; affirmed, 69 Oh St 568.

Cronkhite v. Travelers Ins. Co., 17 Am. St. Rep. 184.

Home Benefit Assn. v. Sargent, 142 U. S. 691.

Stevens v. Continental Casualty Co., 97 N. W. 862.

In 14 R. C. L., pp. 1235 and 1236, there are a very large number of cases cited in support of the above proposition, and we think it is sustained by the great weight of authority; hence, there was no prejudicial error in the court's giving beneficiary's request No. 1.

What has been said concerning special request No. 1 applies with eqaul force to special request No. 2, which relates to the claim of voluntary exposure to unnecessary danger and as to which it was also the duty of the court to charge that the burden of proof was on the insurer.

We find no prejudicial error in the court's refusal to give No. 1 and No. 2 of the requests to charge, made by the insurer; No. 2 was fully covered by No. 3, which was given, and No. 1 made the case turn upon a single fact and did not permit the jury to determine whether the insured voluntarily exposed himself to an unnecessary

danger.

On the question of whether or not the verdict of the jury is manifestly against the weight of the evidence, we do not regard it as profitable to comment upon the evidence. If any one of our number is not of the opinion that the verdict is manifestly against the weight of the evidence, we cannot reverse on that ground, and it is sufficient to say that we are not unanimously of the opinion that the verdict is manifestly against the weight of the evidence.

We have examined the other claimed errors, and find no prejudicial error.

The judgment is therefore affirmed.

Pardee, PJ, and Funk, J, concur.