Zimmerman, J.
 

 In our view, there are two questions for consideration in this case: (1) Does the controversy present a jury question, and (2) Were the instructions submitted by the trial court free from prejudicial error?
 

 There can be no dissent from the proposition that in an action on a clause in a life insurance policy providing for the payment of an increased amount in case of death by external, violent and accidental means, the burden is on the plaintiff-beneficiary to establish a
 
 prima facie
 
 case of death by accidental means before recovery may be allowed.
 

 
 *442
 
 Recently, in the case of
 
 Hassay
 
 v.
 
 Metropolitan Life Ins. Co., ante,
 
 226, 43 N. E. (2d), 229 (where suicide was not involved), we had occasion to lay down the following rules in the syllabus:
 

 “1. In an action to recover under a clause in a life insurance policy providing for the payment of an increased amount ‘if death occur in consequence of ■bodily injury effected solely through external, violent .and accidental means, * * * independently and exclusively of all other causes,’ (1) the burden rests ■upon the plaintiff-beneficiary to prove by a preponderance of the evidence that death was caused exclusively by external, violent and accidental means; (2) upon ■a showing of death by external and violent means, the law raises a presumption that death, was accidental .and, upon such showing aided by the presumption, a
 
 prima facie
 
 case for plaintiff is made; and (3) the presumption remains until overcome by evidence to the contrary.
 

 “2. Such presumption of death'by accidental means is a rebuttable one and disappears upon the production ■of evidence to the contrary.”
 

 The presumption of death by accident accorded the plaintiff is grounded on the instinct of self-preservation and the love of life which is a predominant trait ■of human nature.
 

 Applying the rules of the
 
 IIassay case
 
 to the instant litigation, where a sudden and violent death was shown under conditions not wholly inconsistent with accident, it is our opinion that plaintiff made out a
 
 prima facie
 
 case.
 

 So far as the evidence discloses, the insured was an ■average workingman with no impelling motive for taking his own life.
 

 From the fact that insured left a place of safety to the right of the locomotive, went to the left side and was there decapitated beneath the wheels of the tender,
 
 *443
 
 the defendant insists that the situation presents a clear case of suicide.
 

 However, the presumption of accidental death “ ‘is not displaced by proof of circumstances which merely tend in a greater or less degree to show suicide, but in such case it is a question for the jury whether they overturn the presumption.’ ”
 
 Mitchell
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 110, 114, 19 N. E. (2d), 769, 771, quoting from
 
 Provident Life & Accident Ins. Co.
 
 v.
 
 Prieto,
 
 169 Tenn., 124, 83 S. W. (2d), 251, 267.
 

 In a case like the pending one then, where reasonable minds might arrive at different conclusions as to whether death was accidental or suicidal, a jury question arises,
 
 Hassay
 
 v.
 
 Metropolitan Life Ins.
 
 Co.,
 
 supra.
 

 Was the burden of proof as to self-destruction correctly placed on the defendant? The present action is not one to recover a death indemnity under an ordinary life insurance policy, containing exceptions to liability, where proof of death alone imposes upon the insurer the burden of sustaining the pleaded exceptions
 
 (Schultz
 
 v.
 
 Ins. Co.,
 
 40 Ohio St., 217, 48 Am. Rep., 676), but is one upon the increased indemnity provision of a life policy, where the burden of showing-death by accidental means rests upon the plaintiff. Well-considered cases recognize the distinction; Thus, in
 
 Travelers’ Ins. Co.
 
 v.
 
 Wilkes
 
 (C. C. A. 5), 76 F. (2d), 701, 705, the court said:
 

 “We also think the charge touching the burden of proof was .confusing. The court correctly told the jury that the burden was upon the plaintiff to show that the death was directly and independently of all other causes the result of accidental means, and that the burden of establishing an accidental death was upon her * * * and over exceptions taken, the jury were told that the defense of suicide was an affirmative defense and the burden of establishing it by a preponderance of the evidence was upon the defendant. The
 
 *444
 
 latter charge would be correct in a suit upon the usual life policy containing an exception of death by suicide, for then the plaintiff need prove only death; the insurer having to plead and prove the exception. But this policy promises payment not for death, but for death by accident. * * * The denial that the death was accidental was a sufficient plea. The additional plea that it was suicide, though more specific, really added no defensive merit. It was not the setting up •of an exception from the policy but a denial that the •death was of the sort insured against. The burden of proof remained on the plaintiff. # * * the presumption against suicide * *
 
 *
 
 does not regulate nor change the burden of proof, but it is an evidentiary presumption which may aid a lack of evidence but cannot prevail against the evidence. Where the evidence makes it proper, a jury may be instructed how to use this presumption, but it ought not to be confused with the burden of proof under the pleadings. Appellate •courts, in discussing the sufficiency of evidence to show accidental death, have sometimes spoken of the presumption as shifting the burden of proof, but such language is not accurate.” Compare,
 
 Dimmer
 
 v.
 
 Mutual Life Ins. Co. of New York,
 
 287 Mich., 168, 283 N. W., 16;
 
 Warren
 
 v.
 
 Pilot Life Ins. Co.,
 
 215 N. C., 402, 2 S. E. (2d), 17;
 
 Metropolitan Life Ins. Co.
 
 v.
 
 Rosier,
 
 189 Okla., 448, 117 P. (2d), 793.
 

 Consequently, in our opinion the trial court committed prejudicial error in charging as it did on the burden of proof as to self-destruction. However, the Court of Appeals was wrong in entering final judgment for the defendant, and in this respect a reversal is in order. The cause is remanded to the Court of Common Pleas for further proceedings.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Matthias and Hart, JJ., concur.