Matthias, J.
The issue which is determinative of this appeal is raised by the defendant’s contention that under no circumstances was the court authorized to submit to the jury a charge on the “presumption against suicide,” and that such presumption is a matter solely for consideration and use by the court in determining whether it should direct a verdict or overrule a motion to so direct.
The nature and effect of the ‘ ‘ presumption against suicide ’ ’ have been heretofore considered by this court in the case of Shepherd v. Midland Mutual Life Ins. Co., 152 Ohio St., 6, 87 N. E. (2d), 156, 12 A. L. R. (2d), 1250, which involved a double indemnity clause in a life insurance policy similar in nature to the policies herein. In that case, the court surveyed the standard texts on evidence and the cases of other courts of last resort in this country and, in the syllabus thereof, adopted the major *241 ity rule that such a presumption is not evidence and is not to be used as such in the trial of a case.
The pertinent paragraphs of the syllabus in that case are as follows:
“5. A presumption of law is equivalent to a substantive rule of law to the effect that a particular fact must be assumed when another particular fact or group of facts exists, unless and until the assumed fact is rebutted by substantial evidence.
“6. Where it is shown that death resulted from bodily injury caused by violent and external means, there is a presumption that death did not result from suicide, intentional self-infliction of injury, the criminal assault of another, or other nonaccidental means, but that the death was due to accidental means, in the absence of affirmative proof to the contrary.
“7. Where it is shown that an insured under a double indemnity policy of life insurance met his death by external and violent means and there is no ground for an inference that his death was brought about through suicide, intentional self-infliction of injury, criminal assault by a third person or other nonaccidental means, there is a presumption that death was caused by accidental rather than nonaccidental means.
“8. The legal presumption applied in such a case stands as a rule of law requiring courts, jurors or triers of fact to reach a certain conclusion in accordance with the presumption in the absence of evidence to the contrary produced by the party against whom the presumption operates. It arises and operates only where the means of causing death as distinguished from the cause of death are unknown. It is a procedural device which will, on the proof of basic facts which bring the presumption into operation, stand in lieu of any evidence of the accidental nature of the means causing death and thus make a prima facie case for the plaintiff, but the presumption cannot prevail against any substantial evidence of the non-accidental nature of the means. The presumption is not evidence and is not to he weighed as evidence, nor does it regulate or change the burden of proof.” (Emphasis added.)
In the case of Mitchell v. Industrial Commission (1939), 135 Ohio St., 110, 19 N. E. (2d), 769, the effect to be given the “presumption against suicide” by a trial court in ruling on a *242 motion for a directed verdict was considered. Evidence in the case indicated a possibility that decedent had died by his own hand, and, therefore, his death had not resulted from injuries arising from his employment.
In the opinion in that case, the authorities on the question whether the “presumption against suicide” is entitled to probative weight as evidence were reviewed, and, as disclosed by paragraphs two and three of the syllabus, this court held that “such presumption is in the nature of evidence,” and that “such presumption is not to be given the same weight as actual evidence, but may be considered therewith only as an aid to determine whether such death was accidental or suicidal.”
This court in the Shepherd case, supra, reconsidered this question and adopted a rule which is opposed to that established in the Mitchell case, and, therefore, the Mitchell case is no longer authoritative on this question. The decision in the Mitchell case merely concerned the use of the presumption by the trial court in ruling on a motion for a directed verdict and, as so construed, does not conflict with either the Shepherd case or the instant case.
The cases of Hassay v. Metropolitan Life Ins. Co., 140 Ohio St., 266, 43 N. E. (2d), 229, Hrybar v. Metropolitan Life Ins. Co., 140 Ohio St., 437, 45 N. E. (2d), 114, and Brunny, Admx., v. Prudential Ins. Co., 151 Ohio St., 86, 84 N. E. (2d), 504, are not in conflict with either the Shepherd case or the instant case. Those cases dealt with other presumptions similar in some respects to the “presumption against suicide.” The Rassay and Rrybar cases involved the rule of law that, in an action to recover under an accidental-death-benefits provision in a life insurance policy, the showing that death was caused by external and violent means raises a presumption that death was accidental and makes a prima facie case for the plaintiff; and that such presumption remains until evidence to the contrary is produced. The Brunny case involved the presumption of death arising from unexplained absence for seven or more years, and the rule involved therein was that the presumption is not conclusive and may be rebutted by counterevidence.
No one of those cases involved the submission of the pre *243 sumption to the jury to be considered by it as a part of its deliberations, as was done in the instant case.
There are divergent views among the various states as to whether a court should charge a jury on the presumption of law here under consideration. See Prudential Ins. Co. v. Foster, 197 Okla., 39, 168 P. (2d), 295, 166 A. L. R., 1, and Ryan v. Metropolitan Life Ins. Co., 206 Minn., 562, 289 N. W., 557. Various jury charges on this question appear in 4 Reid’s Branson Instructions to Juries (3 Ed.), 98 et seq., Section 1991; 22 Appleman, Insurance Law and Practice, 308, Section 13581; and 2 Pess, Ohio Instructions to Juries, 36, Section 62.23 (citing the Shepherd case, supra).
The rule adopted by this court in and made the law of Ohio by the syllabus of the Shepherd case, however, recognizes that the “presumption against suicide” has no evidentiary importance and is exclusively a procedural rule to be applied by the court, i. e., “the presumption is not evidence and is not to be weighed as evidence.”
As stated in 2 Richards on Insurance (5 Ed.), 837, Section 243:
“This presumption against suicide and in favor of accident or natural cause operates procedurally once the insurer has set up the defense of suicide. The presumption serves to place the burden of coming forward with evidence of suicide upon the insurer.” See, also, 21 Appleman, Insurance Law and Practice, 72, Section 12157.
In the case of Ryan v. Metropolitan Life Ins. Co., supra, at page 568, Justice Stone set forth in detail, as follows, why this presumption is not of such a nature that it can be submitted to a jury for use in its deliberations:
“A presumption may and frequently does shift the burden of going on with the evidence. That is to say only that it makes a prima facie case. If the trial stops there, without further evidence opposing the case so made, there is nothing for the jury. By nonsuit or directed verdict, the judge decides the issue as one of law. If, however, the prima facie case is met by adequate evidence, the case goes to the jury with the burden of proof where it was in the beginning. So the presumption is *244 properly appraised as a mere ‘procedural device’ for the allocation of the burden of going on with evidence. Where no further evidence is forthcoming, it requires decision as matter of law for the unopposed prima facie case. That view has long been widely held. It has the support of preponderant authority. Note 114 A. L. R., 1226. Recently it has been adopted by the Supreme Court of the United States, New York Life Ins. Co. v. Gamer, 303 U. S., 161, 58 S. Ct., 500, 82 L. Ed., 726, overruling, on this point, Traveler’s Ins. Co. v. McConkey, 127 U. S., 661, 8 S. Ct., 1360, 32 L. Ed., 308.
“It follows that if the case is one for the jurors the presumption should not be submitted as something to which they may attach probative force. The weight of the evidence is for them, to be ascertained on the scales of their experience and their judgment, rather than those of the judge. It would be an intrusion into their field to suggest that they substitute for any real evidence, or any reasonable inference therefrom, the assumed weight of something which is not evidence. A presumption not being evidence, it should be no more subject for such an instruction than any other nonevidentiary factor.”
The charge to the jury on this presumption indicated to that body that the presumption has some evidentiary weight. It was so considered by the jury in this case, as disclosed by the charge of the trial court, and for that reason the judgment of the Court of Appeals is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded.

Weygandt, C. J., Hart, Stewart, Bell and Taft, JJ., concur.