Taft, J.,
concurring. There may be instances where the only evidence produced or introduced to rebut the presumption against suicide is evidence which the jury may quite properly disbelieve in exercising its function as trier of the facts and judge of the credibility of witnesses. In such an instance, if the rule is as broadly stated as is suggested in paragraph two of the syllabus of Hassay v. Metropolitan Life Ins. Co., 140 Ohio St., 266, 43 N. E. (2d), 229, or in paragraph three of the sylla *245 bus of Hrybar v. Metropolitan Life Ins. Co., 140 Ohio St., 437, 45 N. E. (2d), 114, then incredible evidence or evidence having no weight whatever could be effective in making the presumption against suicide disappear. Obviously, that would be unreasonable.
There may therefore be instances where it will be necessary for the- trial court to mention the presumption against suicide in charging a jury, even though it is erroneous to advise the jury, as the trial court in effect did in the instant case, that that presumption may be weighed as evidence. However, in view of the very substantial evidence of suicide, there was probably no justification in the instant case for the trial court mentioning that presumption at all in its charge to the jury.
Weygandt, C. J., Hart and Bell, JJ., concur in the foregoing concurring opinion.