EVANS, APPELLANT, *v.* NATIONAL LIFE AND ACCIDENT INSURANCE
COMPANY, APPELLEE.

[Cite as Evans *v.* National Life & Acc. Ins. Co. (1986),
22 Ohio St. 3d 87.]

(No. 84-1777—Decided February 12, 1986.)

*Breckenridge & McCroom* and *John L. Breckenridge,* for appellant.
*Guarnieri & Secrest* and *Anthony G. Rossi,* for appellee.

HOLMES, J.   As do many states, Ohio has recognized the legal presumption that in the absence of sufficient substantial evidence to the contrary, a person is presumed not to have taken his own life. This rule was set forth in *Shepherd* v. *Midland Mut. Life Ins. Co.* (1949), 152 Ohio St. 6, at 15 [39 O.O. 352]:

"* * * [W]here it is shown that death resulted from bodily injury caused by violent and external means without a showing as to how the injury was in fact sustained, there is a presumption that death did not result from suicide, self-infliction of injury, criminal assault of another, or voluntary employment of the means causing death."

The reason for such legal rule is that man's natural instincts are to avoid injury and preserve life, and that it is more reasonable than not that he would endeavor to protect his life and his bodily health. Alternatively, the presumption is based upon the reasonable assumption that it is highly improbable that he will intentionally take his own life or inflict injury upon himself. *Id.* at 16. Such a presumption is generally considered a rebuttable one, but is treated in varying and different manners dependent upon the jurisdiction. A majority of jurisdictions, by case law and commentaries on the law, take the view that the presumption is not evidence, and of itself does not possess any probative value, and, accordingly, the jury should not be charged upon such presumption, nor such be weighed as evidence. *Ryan* v. *Metropolitan Life Ins. Co.* (1939), 206 Minn. 562, 289 N.W. 557; *N.Y. Life Ins. Co.* v. *Gamer* (1938), 303 U.S. 161; *Hinds* v. *John Hancock Mut. Life Ins. Co.* (1959), 155 Me. 349, 155 A. 2d 721; *Tyrrell* v. *Prudential Ins. Co.* (1937), 109 Vt. 6, 192 A. 184; Annotation (1936), 103 A.L.R. 185; Annotation (1962), 85 A.L.R. 2d 703, 722. Some other jurisdictions have

taken the view that this presumption is in the nature of evidence to be submitted to, and weighed by, the trier of the fact along with other evidence adduced in determining the issue of suicide. *Dick* v. *New York Life Ins. Co.* (1959), 359 U.S. 437; *Smellie* v. *Southern Pacific Co.* (1931), 212 Cal. 540, 299 P. 529; *Wyckoff* v. *Mut. Life Ins. Co. of New York* (1944), 173 Ore. 592, 147 P. 2d 227; see 85 A.L.R. 2d 703, 722.

Other jurisdictions have taken an alternate view that although this presumption is not evidence to be weighed by the trier of the fact, the trial court may give the jury a statement that there is an inference of the improbability of suicide. *Watkins* v. *Prudential Ins. Co.* (1934), 315 Pa. 497, 173 A. 644; *Jefferson Standard Life Ins. Co.* v. *Clemmer* (C.A. 4, 1935), 79 F. 2d 724.

Ohio has followed the majority view that such presumption is not evidence, but is only a common-law rule of procedure which may in certain instances establish a *prima facie* case for the plaintiff, shifting the burden of going forward with evidence of suicide to the insurance company. *Shepherd* v. *Midland Mut. Life Ins. Co., supra; Carson* v. *Metropolitan Life Ins. Co.* (1956), 165 Ohio St. 238 [59 O.O. 310]. Under the majority rule, once substantial evidence to the contrary is introduced, the presumption is considered to be extinguished or in equipoise with the evidence to rebut, and the presumption is removed from the jury's consideration. *Shepherd, supra; Carson, supra.*

Relative to the burden of proof in claims upon these types of insurance policies, courts generally treat the recovery under provisions pertaining to the basic face amount differently than a recovery under an increased indemnity provision for an accidental injury where the policy contains a suicide exception. In the instance of a claim upon a life policy containing a suicide exception, the burden is on the insurance company to establish, by a preponderance of the evidence, that the insured's death resulted from the excepted risk. *Schultz* v. *Insurance Co.* (1883), 40 Ohio St. 217. However, where the plaintiff seeks to recover upon an increased indemnity provision in an insurance policy, this court has held that the burden of proof on the issue of self-destruction rests throughout the case upon the plaintiff, and a charge that the burden of proof shifts to the insurer on such issue constitutes reversible error. *Hrybar* v. *Metropolitan Life Ins. Co.* (1942), 140 Ohio St. 437 [24 O.O. 437]. The holding in this regard is in accord with Evid. R. 301, which states that a presumption is not to have the effect of shifting the burden of proof onto the opposite party, but merely imposes a "burden of going forward with the evidence to rebut or meet the presumption."

In this case we are dealing with a policy that contains both a provision for recovery upon death, and enhanced recovery for accidental death. It has been suggested in the court of appeals' decision here that the application of the presumption in Ohio has been a hybrid one, in that it has in effect been a rule of law until substantial evidence supporting the suicide

defense is adduced, and at that point the presumption takes on the clear character of a rule of evidence, and is thus used merely as a procedural devise not to be weighed as evidence. The appellate court urges upon this court that this rule is a confusing one, and that it would be preferable to charge the jury on the presumption and to permit the presumption to be weighed as evidence along with other evidence of the non-accidental nature of the means of death.

We believe there to be a degree of merit in these comments regarding some confusion in the handling of this presumption in Ohio, and agree that there is a need for clarification; however, we cannot conclude that there is a need to change the basic rule. There are relatively few instances of cases where there is no evidence to rebut the presumption of non-suicide where the plaintiff prevails as a matter of law on the *prima facie* case alone. Also, few are the cases where the evidence of the non-accidental nature of the death is so overwhelming that the presumption must be said to be rebutted as a matter of law. The cases generally fall between the two extremes and are the cases of doubt as to the specific means of death. The crux of the question is who shall determine the sufficiency of the evidence produced contrary to the presumption, and whether the presumption has been rebutted—the trial judge, or the jury. This court, by its case law on this subject, has concluded that it must be the trial court, and when it is so determined by the trial court that there has been a sufficiency of evidence adduced to rebut the presumption of non-suicide, the jury should be charged in the normal fashion with no instruction being given concerning the presumption of non-suicide. However, in these types of cases, we conclude it to be reasonable that the trial court may, in its discretion, refer to the improbability of suicide as an inference of fact, based upon the common experience of mankind, and then to give the jury the standard instruction upon inferences.

In the instant case we are not precisely confronted with a claim of a jury being confused by an instruction on the presumption, in that the matter was heard by the court. However, the appellant argues that the trial court utilized the improper standard of review of the evidence. We are unable to accept this argument. The appellant testified as to the violent death of her husband, that she could not open the bedroom door, that she looked in the back window of their bedroom and saw that the chest of drawers had been pulled away from the wall, and that the shotgun which her husband normally kept behind such chest was missing. The police officers and the investigator from the coroner's office testified as to the location of the body, the nature of the wound, location of the shotgun and the expended shell. There was also testimony as to the mental state of the deceased due to the death of his mother who had been shot by his father and certain acts of the deceased relative to the appellant's younger sister the evening of the death.

The trial judge, in his opinion, after reviewing all of the above

evidence before him, stated that he recognized the application of the legal presumption against suicide and for accidental death "when there is no proof as to how it was caused." However, the trial judge concluded that "the facts cited above and other evidence produced are substantial and credible evidence from which reasonable minds must conclude that decedent committed suicide."

We conclude that the court of appeals properly determined that there was competent, credible evidence before the trial court to support the decision that appellee had met and overcome the presumption of non-suicide, and had met its burden of showing the existence of facts supporting the exception to the policy. Thus, having sustained its burden as to the proof of suicide upon the claim for the face amount of the policy, it follows that the appellant under the facts adduced did not sustain her burden of proof upon the claim under the provision for the increased indemnity for death by accidental injury.

There is no showing that the trial court did not apply the presumption as well as the proper burden of proof. Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., dissents.

CELEBREZZE, C.J., dissenting. The crux of this appeal concerns two related issues of Ohio law. First, the effect of the legal presumption against suicide. Second, upon which party is the burden of persuasion cast relative to a suicide exception contained in a life insurance policy.

The widely recognized presumption against suicide is stated in *Shepherd* v. *Midland Mut. Life Ins. Co.* (1949), 152 Ohio St. 6, 15 [39 O.O. 352], as follows: "* * * [W]here it is shown that death resulted from bodily injury caused by violent and external means without a showing as to how the injury was in fact sustained, there is a presumption that death did not result from suicide, self-infliction of injury, criminal assault of another, or voluntary employment of the means causing death."

As the majority correctly recognizes, the nation's courts have given effect to this presumption in differing manners.

One view operates procedurally and merely shifts the burden of production to the insurer to come forward with evidence of suicide. *Carson* v. *Metropolitan Life Ins. Co.* (1956), 165 Ohio St. 238 [59 O.O. 310]. As such, the ultimate burden of persuasion is cast on the plaintiff to prove accidental death by a preponderance of the evidence. Under this view, once rebutted, the presumption is extinguished and does not constitute evidence.

The better-reasoned approach, albeit not previously adopted by this

court, provides that the legal presumption is a rule of law whereby the ultimate burden of persuasion of the nonexistence of the presumed fact is cast on the insurer (*i.e.,* the insurer must demonstrate that the death resulted from suicide).

This view was recognized and applied in the case of *Dick* v. *New York Life Ins. Co.* (1959), 359 U.S. 437, which observed at 443 that "[p]roof of coverage and of death by gunshot wound shifts the burden to the insurer to establish that the death of the insured was due to his suicide. * * * [Citation omitted.] Under North Dakota law, this presumption does not disappear once the insurer presents any evidence of suicide. * * * Rather, the presumed fact (accidental death) continues and a plaintiff is entitled to affirmative instructions to the jury concerning its existence and weight."

I find the view espoused by the United States Supreme Court in *Dick, supra,* to be preferable and would embrace that position as the law of Ohio.

Once a plaintiff establishes both the death of the insured and the existence of an insurance policy, the ultimate burden of persuasion is on the insurer to prove an affirmative defense by a preponderance of the evidence. *Order of United Commercial Travelers* v. *Watkins* (1931), 38 Ohio App. 420. This allows the fact finder to weigh the evidence to ascertain if the insurer has met the burden of rebutting the presumption by proving its affirmative defense. *E.g., Gould* v. *Mutual Life Ins. Co. of N.Y.* (1981), 95 Wash. 2d 722, 629 P. 2d 1331; *Schelberger* v. *Eastern Sav. Bank* (1983), 93 App. Div. 2d 188, 461 N.Y. Supp. 2d 785; *Federated Guar. Life Ins. Co.* v. *Wilkins* (Ala. 1983), 435 So. 2d 10, 13; *Wirtanen* v. *Prudential Ins. Co.* (1970), 27 Mich. App. 260, 183 N.W. 2d 456.

Today's holding is also contrary to the "* * * general rule that, where there is general provision setting forth the obligation under a policy, and then a provision in the nature of an exception to such general provision, the plaintiff is not required to traverse such exception and prove the negative, but the duty is upon the defendant to plead such exception and prove facts necessary to bring the case within the exception. * * *" *Watkins, supra,* at 428-429.

This appeal does not solely concern the issue of presumptions. Rather, an essential question is the proper assignment of the burden of persuasion in suicide cases. The majority places this burden on the claimant whereas I deem it appropriate to assign the burden to the insurer. The insurer may meet its burden of *production* and thereby avoid a directed verdict. However, it is ill-advised to hold that the insurer is then entitled to judgment. The latter question concerns *persuasion* not *production*[1] and is for

---

[1] By using the bipartite expression "burden of proof," the majority has blurred the distinction between the term's two components: production and persuasion. Production is indeed an issue to be determined by the trial judge. However, if met, the party who has now made out a *prima facie* defense is only halfway home. The burden of persuasion relative to proving the affirmative defense must still be met in the mind(s) of the finder of fact.

determination by the trier of fact. *Kennedy* v. *Walcutt* (1928), 118 Ohio St. 442.

The more reasonable approach advanced in *Dick, supra,* is also consistent with Evid. R. 301 which provides that a presumption does "* * * not shift * * * the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast." The ultimate burden of persuasion is not shifted by a presumption and always remains with the original party. In this case the burden of persuasion concerning appellee's affirmative defense, based on policy exclusion, is originally cast and should remain on the insurer. *Continental Ins. Co.* v. *Louis Marx & Co.* (1980), 64 Ohio St. 2d 399, 401 [18 O.O.3d 539]. The question of whether the insurer has met its burden of persuasion by rebutting the presumption would then be for determination by the trier of fact.

Inasmuch as the court of appeals expressly followed the *Carson* view,[2] I would reverse the judgment of the appellate court and remand the cause for further proceedings consistent with this opinion.

---

[2] The court of appeals expressed "* * * misgivings about Ohio's rule on the presumption against suicide * * *." Writing for the majority, Judge Donald Ford observed that "[t]he Ohio Supreme Court in its majority opinion in *Carson* has muddled the concepts here addressed by the unfortunate intertwining of the phrases 'rule of law' and 'rule of evidence' or 'procedure' in its opinion. * * * *It is this writer's judgment that it would be preferrable [sic] to follow the rule of law approach and permit the presumption to be weighed with other opposing evidence.* This is the traditional function of the jury or judge as the trier of fact. Unfortunately, we are *confined* to the law as expressed by the Ohio Supreme Court in *Carson, supra.* However, the continued application of Ohio's qualified approach will lead to perpetual floundering in Cardozo's 'Serbonian Bog.' " (Emphasis added.)

I am afraid today's decision has cast those floundering in the "bog" an anchor instead of a life preserver.