COTTERMAN, APPELLANT, *v.* OHIO DEPARTMENT OF
PUBLIC WELFARE, APPELLEE.

[Cite as Cotterman *v.* Ohio Dept. of Pub. Welfare (1986),
28 Ohio St. 3d 256.]

(No. 86-385—Decided December 26, 1986.)

*Wristen & Ucker Co., L.P.A., David A. Ucker* and *Ellen L. Wristen,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Sheila P. Cooley* and *Johnnie DeWilde,* for appellee.

LOCHER, J. The issue presented for review is whether the presumption set forth by Ohio Adm. Code 5101:3-50-22(C) may be rebutted as to all sample cases based upon the successful rebuttal of a number of sample cases. For the reasons to follow, we reject appellant's arguments and hold that the presumption found in Ohio Adm. Code 5101:3-50-22(C) applies separately to each sample case contained in a valid report of examination.

Appellant contends that Ohio Adm. Code 5101:3-50-22(C) "* * * creates a rebuttable presumption that the contents of an ROE are valid, which presumption is rebutted if it is proven that the ROE contains *any* specific claim which is incorrect." (Emphasis added.) Thus, the operative concern is whether individual cases are severable and independent for the purposes of rebutting the presumption.

Appellant presents one case, *Del Vecchio* v. *Bowers* (1935), 296 U.S.

280, to buttress his position. *Del Vecchio* involved the presumption against suicide in the context of a workers' compensation claim for death benefits. Appellant asserts the relevance of language by the United States Supreme Court that "[o]nce the employer has carried his burden by offering testimony sufficient to justify a finding of suicide, the presumption falls out of the case.* * *" *Id.* at 286.

This assertion is neither novel nor startling and was recently reaffirmed, in a similar factual context, by this court in *Evans* v. *National Life & Acc. Ins. Co.* (1986), 22 Ohio St. 3d 87, paragraph one of the syllabus. This rule does not, however, support appellant's position. The uncontested issue of how a presumption may be rebutted as described in *Del Vecchio* with respect to *one* case does not address the issue today with regard to *multiple* cases. *Del Vecchio* is therefore factually and analytically irrelevant to the present cause.

In our evaluation of the provision in question, we recognize that Ohio Adm. Code 5101:3-50-22(C) places the burden of production, *not* the burden of proof, on appellant to rebut each sample case. To this end, each individual case may be reviewed and evidence presented to rebut the presumption, resulting in the provider's position being upheld. This is precisely what occurred with the fifty-one sample cases successfully appealed to the examiner by appellant. In other instances, where evidence is presented by the ODPW with respect to a case or cases, the presumption would *ab initio* be inapplicable. *Ayers* v. *Woodard* (1957), 166 Ohio St. 138 [1 O.O.2d 377], paragraph three of the syllabus. In still other cases, the ODPW may fail to carry its burden of proof if the examiner fails to find the existence of underlying facts to support the remaining sample cases even if the provider has not offered evidence to rebut the presumption. In short, the law appears both fair and clear. We must therefore decline to accept Dr. Cotterman's contention that the law is "in unacceptable disarray."

We find persuasive the policy rationales articulated by the examiner and court of appeals to support the administrative rule in question. The adoption of appellant's interpretation would render the rule useless and would remove the burden of production from the party who has superior access to the proof and who should have an incentive to maintain complete and detailed records. Because disallowances and reductions are rendered on an individual case-by-case basis, a finding in one sample case is generally independent of the findings in another sample case. Where the evidence or argument that effectively rebuts one sample case is relevant to other sample cases, however, such evidence or argument may be applied to other sample cases. This occurred, to appellant's benefit, in the instant cause when the hearing examiner concluded that treatment of obesity was a covered service and applied that finding to forty-two sample cases. This does not support appellant's contention that all sample cases should be automatically rebutted once one sample case is successfully rebutted.

We therefore hold today that the presumption found in Ohio Adm. Code 5101:3-50-22(C) applies separately to each sample case contained in a valid report of examination. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.